JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Devonne Taylor ("Taylor"), appeals his sentences. Pursuant to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate his sentences and remand the case for resentencing.
 {¶ 2} In October 2004, Taylor was charged in Case No. CR-457897 with having a weapon while under a disability. In November 2004, he was charged in Case No. CR-458831 with failure to comply with an order or signal of a police officer and possession of drugs. Taylor pled guilty to the indictments in both cases. The court sentenced him to one year of incarceration for having a weapon while under a disability, two years of incarceration for the failure to comply, and one year for possession of drugs. The court further ordered that the counts in CR-458831 were to run consecutively to each other and concurrent to the sentence in CR-457897, for an aggregate sentence of three years.
 {¶ 3} Taylor now appeals, advancing one assignment of error for our review. In his sole assignment of error, Taylor argues that the trial court erred when it sentenced him to more than the minimum term of incarceration for his crimes.
 {¶ 4} The trial court imposed a sentence of three years after making findings pursuant to the provisions of R.C. 2929.14(B). The Ohio Supreme Court has recently declared that statute unconstitutional and excised it from the statutory scheme. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, applying UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
R.C. 2929.14(B), states:
"If the court imposing a sentence upon an offender for afelony elects or is required to impose a prison term on theoffender, the court shall impose the shortest prison termauthorized for the offense pursuant to division (A) of thissection [setting forth the basic ranges], unless one or more ofthe following applies:
 (1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others."
 {¶ 5} In Foster, supra at ¶¶ 61, 64, and 67, the Ohio Supreme Court held that judicial factfinding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely. The Foster
court also severed and excised, among other statutory provisions, R.C. 2929.14(B), because imposing more than the minimum sentence requires judicial factfinding. Id. at ¶¶ 97 and 99. "After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant."Foster, supra at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence."Foster, supra at paragraph seven of the syllabus and State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 6} In the case at bar, the trial court found that, pursuant to R.C. 2929.14(B)(1), Taylor had previously served a prison term and that a prison sentence was commensurate with the seriousness of his conduct and its impact on the victims. The court further found that a prison sentence was necessary to deter Taylor and protect the public from future crime. Because the trial court relied upon a severed, excised, and unconstitutional statute in imposing its sentence upon Taylor, this court must vacate the sentence and remand the matter to the trial court for resentencing in accordance with Foster. See Foster, supra at ¶ 103. Thus, Taylor's assignment of error is sustained.
 {¶ 7} Accordingly, we sustain the first assignment of error, vacate Taylor's sentences, and remand this matter to the trial court for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Calabrese, Jr., J. concur.