THE STATE OF OHIO, APPELLANT, *v.* MATHÍS, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* FAIR, APPELLEE.

[Cite as *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855.]

(Nos. 2004–1171 and 2004–1267—Submitted April
13, 2005—Decided February 27, 2006.)

Lanzinger, J.

{¶ 1} We accepted discretionary appeals and consolidated these two cases that questioned whether the court of appeals may order a limited remand for necessary statutory findings to be placed on the record or whether it must vacate the sentence and remand for a de novo sentencing hearing.

{¶ 2} Appellees Preston Mathis and Dwayne Fair were each convicted of multiple offenses and received maximum and consecutive prison terms. The Court of Appeals for Cuyahoga County found that the trial courts failed at the sentencing hearings to make oral findings or state reasons to justify either maximum or consecutive sentences. *State v. Mathis*, 8th Dist. No. 83311, 2004-Ohio-2982, 2004 WL 1277488, at ¶ 52–53; *State v. Fair*, 8th Dist. No. 82278, 2004-Ohio-2971, 2004 WL 1277153, at ¶ 42, 44, and 66. Instead of simply remanding the cases for the limited purpose of requiring a statement of those findings pursuant to R.C. 2953.08(G)(1), the appellate courts vacated the sentences and required the trial courts to sentence anew, with complete sentencing hearings. *Mathis*, ¶ 52–53; *Fair*, ¶ 80.

{¶ 3} We affirm, but on the basis of our holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and we remand each case to the trial court for resentencing.

The Mathis Case

{¶ 4} Preston Mathis was sentenced on July 16, 2003, to maximum prison terms of 18 months on a conviction for gross sexual imposition and 12 months for importuning, the sentences to be served consecutively. Mathis was also classified as a sexual predator. He appealed his conviction, sentence, and sexual-predator classification. The court of appeals determined that the state had presented sufficient evidence of guilt and that the convictions were not against the manifest weight of the evidence. It also found no error in the sexual-predator classification.

{¶ 5} In reviewing the propriety of maximum and consecutive prison terms, the appellate court examined statements made by the judge in the transcript of the sentencing hearing. The trial court said that Mathis had stalked the victim, that he had "scammed" her and her parents, and that he was a threat to society as a probable reoffender. The court of appeals ruled that a maximum sentence had been correctly imposed. 2004-Ohio-2982 at ¶ 45–46. However, it found reversible error because the trial court had failed to make one of the findings on the record that was required under R.C. 2929.14(E)(4)(a) through (c) before imposing consecutive sentences. Id. at ¶ 53.

{¶ 6} Prior to *Foster*, R.C. 2929.14(E)(4) required additional judicial findings before an offender could be sentenced to serve multiple prison terms consecutively. The sentencing court was required to find that (1) the consecutive terms are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) *either* that (a) the offense was committed while the offender was awaiting trial or sentencing or was under postrelease control, *or* (b) the harm was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct, *or* (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4)(a) through (c). Additionally, R.C. 2929.19(B)(2)(c) required the court to give its reasons for imposing consecutive sentences.

{¶ 7} In attempting to comply with these statutory requirements, the *Mathis* trial court had stated, "The maximum sentences are necessary to protect the public from future crime," and "I don't believe consecutive sentences in this case will be disproportionate to the danger that you raise to the public, including the fact that you've scored in the 26 percent of men who will re-offend within the short 5 years." The Court of Appeals for Cuyahoga County found that the trial court had failed to make one of the additional findings required by R.C. 2929.14(E)(4)(a) through (c).[1] The appellate court consequently vacated the entire sentence and remanded the case for a new sentencing hearing.

The Fair Case

{¶ 8} After a jury trial in October 2001, Dwayne Fair was convicted of one count of trafficking in cocaine and two counts of possession of cocaine. He was initially sentenced to consecutive prison terms for an aggregate sentence of 11 years: two years on count one, a maximum term of eight years on count two, and a maximum of 12 months on count three. Fair appealed his conviction and the consecutive nature of his sentence. *State v. Fair*, 8th Dist. No. 80501, 2002-Ohio-5561, 2002 WL 31319117. The Court of Appeals for Cuyahoga County affirmed the conviction but reversed and remanded the case for resentencing. In ruling in favor of Fair, the court of appeals noted the following statement by the trial court:

{¶ 9} "Now, regarding the consecutive sentences, I find that running this time consecutive is necessary to protect the public from future crime. * * * [I]t's necessary to punish you for the seriousness of your offense. I do not find an 11–

---

1. In mentioning "protection of the public" to justify the *maximum* sentence, the trial court arguably made a finding under R.C. 2929.14(E)(4)(c); nevertheless, as the remark was not tied to Mathis's criminal history, the appellate court disregarded it.

year sentence for trafficking in an operation this large to be disproportionate for the seriousness of your conduct.

{¶ 10} "I further find that the harm was so great or unusual that a single term would not and does not adequately reflect the seriousness of the conduct." *State v. Fair*, 2002-Ohio-5561, at ¶ 26–27.

{¶ 11} The appellate court concluded that the above statement contained the *findings* required for imposing consecutive sentences, but did not contain the required *reasons*.

{¶ 12} On remand, the trial court adopted its previous findings and stated further reasons for imposing consecutive sentences:

{¶ 13} "The court has reviewed the opinion of the Court of Appeals and the court adopts its findings made at its original sentencing.

{¶ 14} "The court does find that you have not served a prior prison term, however, [the] minimum term would demean the seriousness of this offense in the case. You were part of a deal in which undercover agent Drake of the North Royalton Police department purchased nearly four ounces of cocaine from you and your co-defendant.

{¶ 15} "Your co-defendant is serving 12 years in the Federal penitentiary. This four ounce purchase was the biggest drug bust in North Royalton history. I find consecutive terms necessary to protect the public and more so to punish the offender. You were convicted of crimes involving two separate incidents, the possession of cocaine on the mirror in the house and then the trafficking deal that took place in North Royalton. This shows to me that you are a user of cocaine as well as a seller of cocaine.

{¶ 16} "I find consecutive sentences are not disproportionate to the seriousness of the offense. And I do find that the harm in this case was so great and unusual that no single prison term would adequately reflect the seriousness of the conduct.

{¶ 17} "As far as reasons go, again, as far as harm created, it's unusual that a single prison term would reflect the seriousness of the conduct. This was the biggest drug bust in North Royalton history that you were part of. I find sentences should be consistent, your co-defendant is serving 12 years in Federal penitentiary for his involvement at the time.

{¶ 18} "You do bring up, however, your sentence is unfair considering, alleging that he is a much worse person. On the other hand, [your co-defendant] did not have the advances in life that you had. You grew up in University Heights, went to fine schools. You have loving and caring parents who are here to support you. And you choose in life to become a drug dealer, when you had all kinds of other opportunities facing you.

{¶ 19} "In many ways you are [a] much worse person than your co-defendant who did not have those same opportunities as you. He had few choices in which to make on the road of life. You had many and you choose a life of crime."

{¶ 20} The trial court then imposed the same sentence it had originally imposed.

{¶ 21} Reviewing Fair's second sentence, the court of appeals determined that the trial court could not adopt its previous sentencing statements for the resentencing hearing. 2004-Ohio-2971, at ¶ 16. Although the state had argued for a limited remand for the statutory findings required for consecutive prison terms under R.C. 2953.08(G)(1), the court of appeals rejected that idea. Id. at ¶ 18. The Eighth District interpreted R.C. 2953.08(G)(1) to require a remand for resentencing rather than clarification of the sentence.[2] Id. at ¶ 37. In other words, a sentencing hearing was to be held de novo on remand. Id. at ¶ 18. Because the trial court could not rely on its adopted findings, after reviewing the transcript, the Eighth District concluded that the trial court omitted the second of the three findings required by R.C. 2929.14(E)(4) for consecutive sentences. The trial court had failed to find that consecutive sentences were "not disproportionate" to the "danger the defendant poses to the public." Id. at ¶ 42. The appellate court also held that the proffered reasons for consecutive sentences were not sufficient to support the findings. Id. at ¶ 42–44.

{¶ 22} With respect to Fair's maximum prison terms, the Eighth District noted that the record was silent regarding which of the findings related to consideration of maximum terms because the judge never used the word "maximum." Id. at ¶ 66. It also determined that the trial court failed to state its reasons for imposing maximum sentences. Id. In light of these perceived deficiencies, the court remanded the cause for a third sentencing hearing. We accepted the state's appeal.

### Appellate Review after *State v. Foster*

{¶ 23} As part of the General Assembly's promulgation of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7562 ("S.B. 2") effective July 1, 1996, courts of appeals obtained expanded authority to review felony sentences pursuant to R.C. 2953.08. That statute, as enacted, provided that a defendant convicted of a felony may appeal as of right when certain maximum sentences are imposed, the

---

2. The appellate court cited *State v. Jones* (2001), 93 Ohio St.3d 391, 754 N.E.2d 1252, for this proposition. However, in footnote 10 of *Jones*, we indicated that the statutory language was clear that "when a sentencing court fails to make the findings required by R.C. 2929.14(E)(4) [for consecutive terms], a reviewing court *must remand the cause to the sentencing court with instructions to state on the record the required findings.* R.C. 2953.08(G)(1)." (Emphasis added.) Nevertheless, after *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the court is no longer required to state *findings* to support consecutive terms.

guidance for community control has been overridden, the minimum term of an indefinite sentence for a sexually violent offense is the longest term from the R.C. 2929.14 range, or an additional ten-year prison term is added under R.C. 2929.14(D)(2)(b) or (D)(3)(b).[3] In *Foster*, we determined that R.C. 2929.14(D)(2)(a) and (D)(3)(b) relating to repeat-violent-offender and major-drug-offender enhancements were unconstitutional. Unaffected by *Foster* were the state's appeals as a matter of right for a sentence where no prison term was imposed despite the presumption favoring prison for certain offenses, or for judicial modification of a sentence for a first- or second-degree felony under R.C. 2929.20.[4] Nor was the defendant's or the state's appeal as of right affected when the sentence "is contrary to law." [5]

{¶ 24} A defendant may seek a discretionary appeal of consecutive sentences under R.C. 2953.08(C) if the aggregate prison term exceeds the maximum sentence possible for the most serious offense of which the defendant was convicted. A sentence that is authorized by law, recommended jointly by defense and prosecution, and imposed by the sentencing judge is not subject to review.[6] Capital sentences are also excluded from R.C. 2953.08(D)'s purview.

{¶ 25} For both Mathis and Fair, the trial courts imposed initial sentences within the appropriate ranges, but because certain oral statements were not made at the sentencing hearings, the Eighth District remanded for de novo sentencing hearings. The appellate court relied upon *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, which held that R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) required that findings for consecutive terms be made at a sentencing hearing and that R.C. 2929.14(B) required the same for nonminimum sentences. Id. at paragraphs one and two of the syllabus.

{¶ 26} The judicial fact-finding that *Comer* mandated at sentencing hearings for consecutive or nonminimum sentences, however, no longer survives.[7] In *State*

---

3. R.C. 2953.08(A)(1) through (3) and (5).

4. R.C. 2953.08(B)(1) and (3).

5. R.C. 2953.08(A)(4) and (B)(2).

6. R.C. 2953.08(D); see, also, *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

7. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, compels adherence to precedent unless (1) the challenged decision was wrongly decided at that time or changes in circumstances no longer justify continued adherence to the decision, (2) the challenged decision defies practical workability, and (3) overruling the decision would not create an undue hardship for those who have relied upon it. Id. at paragraph one of the syllabus. We do not find *Westfield* applicable here, however, for our remedy in *Foster* severed the statutes on which *Comer* relied.

*v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we held that certain felony-sentencing statutes were unconstitutional to the extent that they required judicial fact-finding before imposition of a sentence greater than the "statutory maximum" as that term is defined in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We used the remedy employed in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and severed the unconstitutional statutes to ensure compliance with *Apprendi* and *Blakely*. *Foster* excised the requirement that the court make findings of fact before imposing (1) more than the minimum term on an offender who has never served a prison term,[8] (2) the maximum term,[9] (3) consecutive terms,[10] and (4) penalty enhancements for repeat violent offenders[11] or major drug offenders.[12] Id.

{¶ 27} Now, after severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. Nor is judicial fact-finding required before imposition of consecutive prison terms. *Foster*, paragraphs two and four of the syllabus. R.C. 2953.08(G) no longer applies to require consecutive findings on the appellate record. Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D) or when a court grants a judicial release. See R.C. 2929.20(H).

Application of R.C. 2953.08(G)

{¶ 28} R.C. 2953.08(G), as amended effective October 10, 2000,[13] states:

{¶ 29} "(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.

---

8.  R.C. 2929.14(B).

9.  R.C. 2929.14(C).

10.  R.C. 2929.14(E)(4).

11.  R.C. 2929.14(D)(2)(b).

12.  R.C. 2929.14(D)(3)(b).

13.  148 Ohio Laws, Part II, 3418–3419.

{¶ 30} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶ 31} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶ 32} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶ 33} "(b) That the sentence is otherwise contrary to law."

{¶ 34} Thus, before *Foster*, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required findings were missing. The second part of the statute, R.C. 2953.08(G)(2), explained that the appellate court "shall review the record, including the findings underlying" the sentence or judicial release. It may then modify or vacate the sentence and remand for resentencing if "the record does not support" the findings specified in (G)(1) or if the sentence is contrary to law. R.C. 2953.08(G)(2)(a) and (b).

{¶ 35} Since judicial fact-finding is no longer required in order for a court to exceed presumptive minimum prison terms or to impose maximum terms, consecutive terms, or penalty enhancements for repeat violent offenders and major drug offenders, there is no longer any reason to apply (G)(1) to upward departures. A limited remand under R.C. 2953.08(G)(1) is possible, however, to allow the trial court to add missing findings explaining why it overrode the presumption for prison for a first- or second-degree felony or why it granted a judicial release.

{¶ 36} We hold that a trial court at sentencing is required to make judicial findings only for a downward departure pursuant to R.C. 2929.13(D) or a judicial release pursuant to 2929.20(H). When findings under R.C. 2929.13(D) or 2929.20(H) are missing from the appellate record, the appellate court shall remand the case to the sentencing court to state on the record the required findings pursuant to R.C. 2953.08(G)(1), after which the appellate court shall either affirm or modify the sentence, or vacate the sentence and remand the case for a hearing de novo if the sentence is contrary to law.

### Resentencing under R.C. 2929.19

{¶ 37} For both Mathis and Fair, the appellate court ordered new sentencing hearings because the trial courts had failed to make the statutory findings for consecutive sentences. As we have held in *Foster*, however, trial courts have full

discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures. R.C. 2929.19 provides that "[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before *resentencing* an offender who was convicted of or pleaded guilty to a felony and whose case was remanded."[14] (Emphasis added.) The court "shall consider the record," any information presented at the hearing, any presentence investigation report, and any victim-impact statement.[15] It thus appears that any case that is remanded for "resentencing" anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence.

{¶ 38} Although after *Foster* the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself.

### Disposition

{¶ 39} We affirm the judgments of the Court of Appeals for Cuyahoga County and remand to the trial court for resentencing on the basis of our holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, J., concurs in paragraph three of the syllabus and in judgment.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Thomas Rein, for appellee Preston Mathis.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee Dwayne Fair.

---

14. R.C. 2929.19(A)(1).

15. R.C. 2929.19(B)(1).