OPINION
{¶ 1} Defendant-appellant, Amanda M. Marks, appeals her conviction for complicity to burglary, a second-degree felony, and her six-year prison term.
 {¶ 2} As part of a plea agreement, appellant, who was originally charged with complicity to aggravated burglary and a firearm specification, pled guilty to the lesser charge of complicity to burglary. The trial court sentenced appellant to six years in prison with credit for time served and imposed a $5,000 fine.
 {¶ 3} On appeal, appellant presents the following two assignments of error which we will consider together:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "APPELLANT'S SENTENCE OF SIX YEARS WAS CONTRA TO LAW AS SET FORTH IN R.C. 2929.14(B) WHICH REQUIRES THE IMPOSITION OF THE MINIMUM SENTENCE OF TWO YEARS ON THIS FIFTH [SIC] SECOND DEGREE FELONY CHARGE."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "EVEN ASSUMING THE TRIAL COURT COMPLIED WITH OHIO'S FELONY SENTENCING STATUTES, THE SENTENCE IS UNLAWFUL UNDER APPRENDI V. NEW JERSEY (2000), 530 U.S. 466 AND ITS PROGENY."
 {¶ 8} Appellant's assignments of error essentially claim the trial court erred by imposing more than the minimum sentence for a second-degree felony. Appellant maintains that the imposition of a nonminimum sentence based upon facts neither found by a jury nor admitted by appellant infringes upon appellant's constitutional right to a trial by jury as defined by the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 9} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional and severed those portions from Ohio's sentencing code. See State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Among these unconstitutional sections was R.C. 2929.14(B), which requires certain judicial findings before the imposition of more than a minimum sentence. See Foster at paragraph one of the syllabus. As a result of the high court's severance of this provision from Ohio's felony sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C. 2929.14(A) is no longer required. Id. at paragraph two of the syllabus. See, also,State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 10} In this case, the trial court made findings under R.C.2929.14(B) in order to impose more than the minimum prison term.
 {¶ 11} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for sentencing. SeeFoster at ¶ 104. Accordingly, appellant's assignments of error are sustained.
 {¶ 12} We affirm appellant's conviction. However, appellant's sentence is reversed and this matter is remanded to the trial court for resentencing according to law and consistent with this opinion.
Young and Bressler, JJ., concur.