OPINION
{¶ 1} Defendant was convicted on his guilty pleas of two first degree felonies and two second degree felonies. First degree felonies are punishable by annualized terms of imprisonment ranging from three to ten years. R.C. 2929.14(A)(1). Second degree felonies are punishable by annualized terms of imprisonment ranging from two to eight years. R.C. 2929.14(A)(2).
 {¶ 2} In its amended termination entry of July 7, 2005, the trial court imposed terms of imprisonment of four years for each of Defendant's four offenses, to be served concurrently. Defendant filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE GREATER THAN THE MINIMUM SENTENCE REQUIRED IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14(B)."
 {¶ 4} R.C. 2929.14(B) provides that if the trial court imposes a prison term for a felony offense, "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * "(2) [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 5} The four year sentences the court imposed for each of Defendant's four felonies exceed both the three year minimum for the two first degree felonies authorized by R.C. 2929.14(A)(1) and the two year minimum for the two second degree felonies authorized by R.C. 2929.14(A)(2). The court justified its upward deviation from those minimums on a finding it made pursuant to R.C. 2929.14(B), that the minimum sentences of three and two years would demean the seriousness of the Defendant's conduct.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that R.C. 2929.14(B) violates a defendant's Sixth Amendment rights per Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because a jury verdict alone does not determine the sentence. Id., at ¶ 61. Therefore, a sentence imposed on an R.C. 2929.14(B) finding by the trial court is unconstitutional and must be reversed.Id., ¶ 97. Further, reversal and resentencing within the available statutory range is required in any case on which such a sentence was imposed and that was pending on appeal when Foster
was decided. Id. at ¶ 104; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 7} Defendant's notice of appeal was filed on August 1, 2005. Foster was decided on February 27, 2006. Therefore, reversal is mandated.
 {¶ 8} The assignment of error is sustained. Defendant's sentences will be reversed and vacated, and the case remanded for resentencing within the applicable statutory ranges established by R.C. 2929.14(A)(1) and (2), per Foster.
Brogan, J. and Donovan, J., concur.