JOURNAL ENTRY and OPINION
{¶ 1} Defendant Lamar McDuffy (appellant) appeals his conviction of aggravated robbery with gun specifications and the imposition of a sentence beyond the minimum available for the offense of which he was convicted. After reviewing the facts of the case and pertinent law, we affirm appellant's convictions, vacate his sentence, and remand for resentencing.
 I. {¶ 2} In the early morning hours of August 1, 2004, appellant arrived at the Bolivar parking garage in downtown Cleveland, where he worked as an attendant. Appellant arrived at work earlier than usual that day and unlocked the employee office. Moments later, two men wearing ski masks entered the garage. Appellant came out of the office and had a brief conversation with the two men, one of whom was carrying a gun. Appellant walked with the two men and pointed to an area across the garage. Appellant then left the garage as the two men continued walking.
 {¶ 3} A short time later, Jay Fitzwater (Fitzwater), a manager at the garage, arrived at work. He was usually the first to arrive each morning. However, on the morning in question, as Fitzwater was preparing to park his car, he noticed two men in ski masks hiding in the corner. One of the men was holding a gun and pointed it at Fitzwater. Thinking quickly, Fitzwater put his car in reverse and sped out of the garage before the overhead door closed. Fitzwater drove down the street, and the two masked men briefly chased his car until he turned a corner and lost them.
 {¶ 4} Fitzwater called the police and headed back to work to wait for their arrival. Fitzwater saw appellant and, assuming he was just arriving at work, told him not to go into the garage, as an attempted robbery had just occurred there. Appellant said he was not afraid and would go in anyway to check things out. Appellant did not mention to Fitzwater that he had already been inside the garage that morning and had spoken with the two masked men.
 {¶ 5} Police later caught the two suspects and determined that one of them was appellant's cousin. When confronted with this information, appellant changed his story and told the police that he was caught by surprise when the two masked men came into the garage, and when he found out one was his cousin, he walked away because he did not want to be involved in anything they were doing. On September 29, 2004, appellant was indicted with one count of aggravated robbery, in violation of R.C. 2911.01, with one- and three-year firearm specifications, in violation of R.C.2941.141 and 2941.145. He was found guilty by a jury under an accomplice-liability theory and, on June 23, 2005, the court sentenced him to five years imprisonment on the robbery charge and three years on the gun specifications, to run consecutively, for an aggregate sentence of eight years in prison.
 II. {¶ 6} Appellant's first and second assignments of error are identical and will be addressed together. In them, appellant argues that his "convictions for the gun specifications are not supported by sufficient evidence where the state failed to present evidence that the appellant shared the same mens rea as the principal offender." Specifically, appellant argues that he did not know that the principal offenders had, or intended to use, a firearm.
 {¶ 7} R.C. 2923.03 governs complicity to commit an offense, and the pertinent parts read as follows: "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * (2) Aid or abet another in committing the offense."
 {¶ 8} R.C. 2911.01 governs aggravated robbery, and the pertinent parts read as follows: "(A) No person, in attempting or committing a theft offense, * * * shall * * * (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Additionally, R.C.2941.141 and 2941.145 state that when an offender possessed and brandished a firearm while committing an offense, that offender shall serve mandatory one- and three-year prison terms, respectively.
 {¶ 9} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259.
 {¶ 10} In the instant case, Fitzwater testified as to the events in question. However, the most damaging evidence against appellant was the videotape from the garage surveillance camera taken the morning of the armed robbery. The tape shows appellant casually conversing with the two masked men as one of them waves a gun in the air. The tape also shows appellant walking across the garage with the two men and pointing them in the direction of where Fitzwater later discovered them hidden around the corner of a wall. This tape, coupled with the fact that appellant changed his story after finding out that the police knew one of the men was his cousin, is more than sufficient to show that appellant knew one of the masked men brandished a weapon during the attempted robbery.
 {¶ 11} Accordingly, appellant's first and second assignments of error are overruled.
 III. {¶ 12} In his third and final assignment of error, appellant argues that "the imposition of sentences beyond the minimum available was done in violation of Mr. McDuffy's sixth amendment right to trial by jury." The court sentenced appellant to five years in prison for aggravated robbery, which is a first-degree felony. Pursuant to R.C. 2929.14(A)(1), the basic prison term for a first-degree felony is three to ten years; thus, appellant was sentenced to more than the minimum term.
 {¶ 13} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely v. Washington (2004), 542 U.S. 269. Specifically, the court held:
"Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at ¶ 82 (citing United States v. Booker
(2005), 543 U.S. 220, 224).
 {¶ 14} The Foster court severed R.C. 2929.14(B),2929.19(B)(2) and 2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 15} Thus, in accordance with Foster, we sustain this assignment of error, vacate appellant's sentence and remand for a new sentencing hearing. We note that the court may want to keep in mind the Ohio Supreme Court's holding in State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38:
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, * * * nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering the factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself."
 {¶ 16} Appellant's convictions are affirmed, his sentence is vacated, and this cause is remanded for resentencing.
It is ordered that appellee and appellant share the costs of this proceeding.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J. concur.