OPINION
¶ 1} Defendant-appellant, Tommy J. Jones, pled guilty to one misdemeanor and two felony counts of possession of marijuana and two felony counts of trafficking in marijuana. Appellant was sentenced to more than the minimum prison term on each felony count. Appellant also received an additional 30 days for the misdemeanor count, with all sentences to run concurrently.
¶ 2} On appeal, appellant presents two assignments of error which essentially claim the trial court erred by imposing more than the minimum prison term for his felony convictions.
¶ 3} The Ohio Supreme Court recently found portions of Ohio's felony sentencing scheme unconstitutional and severed those portions from Ohio's sentencing code. See State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See, also, Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531. Among these unconstitutional sections was R.C. 2929.14(B), which requires certain judicial findings before the imposition of more than a minimum prison sentence. See Foster at paragraph one of the syllabus. As a result of the severance of this provision from Ohio's statutory sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C.2929.14(A) is no longer required. Id. at paragraph two of the syllabus. See, also, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph three of the syllabus.
¶ 4} In this case, the trial court made certain findings under R.C. 2929.14(B) to impose more than a minimum prison term for appellant's felony convictions.
¶ 5} The Foster court instructed that all cases pending under direct review in which the unconstitutional sentencing provisions were utilized must be remanded for sentencing. SeeFoster at ¶ 104. Accordingly, appellant's assignments of errors are sustained.
¶ 6} The judgment of the trial court is reversed as to sentencing and the case is remanded for resentencing as to counts One, Three, Four, and Five.
Powell, P.J., and Young, J., concur.