JOURNAL ENTRY and OPINION
{¶ 1} Defendant Duane Jones (appellant) appeals his ten-month prison sentence. After reviewing the facts of the case and pertinent law, we vacate his sentence and remand the case for resentencing.
 I. {¶ 2} On January 20, 2005, appellant was indicted for domestic violence, a fifth-degree felony, in violation of R.C. 2912.25. After being found guilty by a jury, appellant was sentenced to ten months in prison.
 II. {¶ 3} In his sole assignment of error, appellant argues that "the imposition of sentences beyond the minimum available sentences was done in violation of Mr. Jones' sixth amendment right to trial by jury." Specifically, appellant argues that his sentence violates Blakely v. Washington (2004), 542 U.S. 269, as, in his case, there was a presumption against prison and in favor of community control sanctions. We agree with appellant's argument.
 {¶ 4} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely. Specifically, the court held:
"Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at ¶ 82 (citing United States v. Booker
(2005), 543 U.S. 220, 224).
 {¶ 5} The Foster court severed R.C. 2929.14(B),2929.19(B)(2) and 2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 6} Thus, in accordance with Foster, we sustain this assignment of error, vacate appellant's sentence and remand for a new sentencing hearing. We note that the court may want to keep in mind the Ohio Supreme Court's holding in State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38:
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, * * * nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering the factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself."
 {¶ 7} Accordingly, we sustain appellant's assignment of error, vacate his sentence and remand his case for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J., concur.