JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Kenneth Jefferson appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate his sentence and remand the case to the trial court for resentencing.
 {¶ 2} Jefferson was sentenced in two separate cases. He was sentenced to the maximum term of incarceration in both cases. In each case, the sentence was ordered to run consecutive to the sentence in the other case. Jefferson appeals, advancing one assignment of error for our review, which reads as follows:
 {¶ 3} "Kenneth Jefferson was deprived of his liberty without due process of law when the trial court imposed maximum and consecutive sentences based on inaccurate information and without complying with Ohio's current sentencing requirements."
 {¶ 4} Jefferson argues that the trial court failed to make the mandatory statutory findings required for the imposition of maximum consecutive sentences. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared several sections of Ohio's sentencing statute unconstitutional and excised them from the statutory scheme. The state concedes that Jefferson was sentenced under the unconstitutional sections and, as a result, must be resentenced. Foster, supra, ¶ 103-106. Now, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph seven of the syllabus, and State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Consequently, we sustain Jefferson's sole assignment of error, vacate his sentence, and remand this matter to the trial court for resentencing.
Sentence vacated; cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.