OPINION
{¶ 1} Defendant-appellant, Charles Randolph, pled guilty to a single count of rape, a first-degree felony under section R.C.2907.02(A)(1)(b). The trial court sentenced appellant to a maximum term of ten years in prison and found appellant to be a sexual predator. The victim was 12 years of age at the time of the offense.
 {¶ 2} On appeal, appellant presents the following single assignment of error:
 {¶ 3} "THE TRIAL COURT'S IMPOSITION OF A MAXIMUM PRISON TERM VIOLATED DEFENDAT-APPELLANT'S RIGHT TO THE JURY TRIAL BECAUSE THE TRIAL COURT BASED THE MAXIMUM SENTENCE ON FACTS NEITHER REFLECTED IN A JURY VERDICT NOR ADMITTED BY APPELLANT."
 {¶ 4} Appellant claims the trial court erred by imposing the maximum sentence[1] for a first-degree felony. Appellant maintains that imposition of a nonminimum sentence based upon facts neither found by a jury nor admitted by appellant infringes upon his constitutional right to a trial by jury as defined by the United States Supreme Court in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 5} The Ohio Supreme Court recently found several portions of Ohio's statutory sentencing scheme unconstitutional and severed them from Ohio's sentencing code. See State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Among those unconstitutional sections was R.C. 2929.14(C), which requires certain judicial findings before the imposition of a maximum prison sentence. SeeFoster at paragraph one of the syllabus. As a result of the severance of this provision from Ohio's felony sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C. 2929.14(A) is no longer required. Id. at paragraph two of the syllabus. See, also, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 6} In this case, the trial court made findings under R.C.2929.14(C) in order to impose a maximum prison term for a first-degree felony.
 {¶ 7} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. See Foster at ¶ 104. Accordingly, appellant's assignment of error is sustained.
 {¶ 8} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Walsh and Brogan, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] Appellant does not appeal from the order that his sentence is to run consecutive to the sentence imposed in case no. CR03-12-1949.