OPINION
{¶ 1} Defendant-appellant, Charles J. Cornell, appeals the judgment entry of sentence in the Lake County Court of Common Pleas, sentencing him to two years in prison for one count of Unlawful Sexual Contact with a Minor, a felony of the third degree, in violation of R.C. 2907.04. Based upon the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, we vacate the trial court's judgment, and reverse and remand for resentencing.
 {¶ 2} On October 21, 2005, Cornell pled guilty, by way of information, to the aforementioned charge, following allegations that he had a relationship with a 14-year-old girl, which included inappropriate sexual contact. He appeared before the trial court for sentencing on November 30, 2005. The judgment of sentence was entered into the record on December 13, 2005. Cornell timely appealed, assigning the following as error:
 {¶ 3} "The trial court erred when it sentenced the defendant-appellant to a more-than-the minimum prison sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's State and Federal Constitutional rights to trial by jury."
 {¶ 4} Pursuant to R.C. 2953.08(G), an appellate court may vacate the sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly finds" that the sentence imposed by the trial court "is contrary to law." R.C.2953.08(G)(2)(b); State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶¶ 31-34.
 {¶ 5} Cornell pled guilty to one count of Unlawful Sexual Contact with a Minor, a felony of the third degree. Under R.C.2929.14, the penalty range for a felony of the third degree is one to five years. R.C. 2929.14(A)(3).
 {¶ 6} In particular, Cornell argues that the trial court's requirement to make statutorily enumerated "findings" under R.C.2929.14(B) prior to imposing a greater than the minimum sentence violated his constitutional rights to have a jury determine "all facts legally essential to his sentence." Blakely v. Washington
(2004), 542 U.S. 296, 301.
 {¶ 7} In Foster, the Ohio Supreme Court declared certain portions of Ohio's Felony Sentencing Statutes, including R.C.2929.14(B), unconstitutional under Blakely, since the statute requires the trial court to make certain "findings" before imposing a more than minimum sentence. 2006-Ohio-856, at paragraph one of the syllabus (citations omitted). The Supreme Court further held that R.C. 2929.14(B) is severable from the remainder of R.C. Chapter 2929, leaving behind the valid provisions of Ohio's Sentencing Statutes. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. citing United States v. Booker (2005),543 U.S. 220.
 {¶ 8} Pursuant to Foster, the trial court's imposition of sentence based upon these now unconstitutional findings renders his sentence void and requires this court to vacate Cornell's sentence and remand this matter to the trial court for resentencing. 2006-Ohio-856, at ¶ 103, citing State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23.
 {¶ 9} Upon remand, Cornell is entitled to a new sentencing hearing, but "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. In conducting the resentencing exercise, the trial court "shall consider those portions of the sentencing code that are unaffected" by the holding of Foster,
and is free to "impose any sentence within the appropriate felony range." Cornell is now free to argue for a reduction in his sentence, just as the State may now seek a greater penalty. Id.
 {¶ 10} Cornell's sole assignment of error has merit.
 {¶ 11} Accordingly, we reverse and remand this matter for resentencing in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
Ford, P.J., Rice, J., concur.