OPINION
{¶ 1} Defendant-appellant Demetrius D. Davis appeals his conviction and sentence for three counts of burglary and one count of attempted burglary. The charges against Davis arise out of the following three cases: 2004-CR-4226, two counts of burglary, third degree felonies; 2005-CR-0555, one count of burglary, third degree felony; and 2005-CR-2629, one count of burglary, third degree felony.
 {¶ 2} On August 3, 2005, pursuant to a plea agreement with the State, Davis pled guilty to three counts of burglary and one count of attempted burglary, felonies of the third degree and fourth degree, respectively. The trial court sentenced Davis to two years each for the three burglary counts and one year for the single count of attempted burglary, to be served concurrently for an aggregate prison term of two years. Davis filed a timely notice of appeal on September 23, 2005.
 I {¶ 3} Although not phrased properly pursuant to App. R. 16(A)(3), Davis' sole assignment of error is as follows:
 {¶ 4} "WHETHER THE TRIAL COURT ERRED IN THE PLEA AND SENTENCING PROCEEDING."
 {¶ 5} In his sole assignment, Davis contends that his sentence is contrary to law because the trial court failed to consider on the record the seriousness and recidivism factors pursuant to R.C. § 2929.12 with respect to the three burglary counts for which he was convicted.
 {¶ 6} Initially, we note that the trial court sentenced Davis to a non-minimum prison term on all three burglary counts, as well as the one count of attempted burglary. Although Davis was convicted of multiple felony offenses and received a non-minimum sentence for each offense, the trial court made no findings pursuant to R.C. § 2929.14, as was required at the time of the initial sentencing.
 {¶ 7} In its recent decision in State v. Foster (2006),109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court held that portions of R.C. 2929.14 are unconstitutional because they violate an accused's Sixth Amendment right to a jury trial and the principles contained in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, by requiring a sentencing court to make certain judicial findings before imposing a non-minimum prison sentence on an offender. Foster, supra, at ¶ 83.
 {¶ 8} Although Davis challenges his prison sentence for burglary as being contrary to law, he does not cite to Blakely
and/or Foster for support. Instead, Davis mistakenly relies on R.C. § 2929.12 in making this assertion.
 {¶ 9} However, pursuant to Foster, the prison sentence imposed was essentially based on an unconstitutional portion of R.C. § 2929.14 dealing with non-minimum sentences. Thus, we reverse his prison sentence for burglary and attempted burglary and remand this case for a new sentencing hearing consistent withFoster's mandate. In resentencing Davis on remand, the trial court shall consider those portions of the sentencing code unaffected by Foster, and impose any sentence within the appropriate felony range. Foster at ¶ 105. Those unaffected portions of the sentencing code to be considered include the purposes of felony sentencing pursuant to R.C. § 2929.11 and the seriousness and recidivism factors pursuant to R.C. § 2929.12.State v. Mathis (2006), 109 Ohio St.3d 54, 846 N.E.2d 1,2006-Ohio-855. Thus, in light of the Supreme Court's holding inFoster, Davis' sole assignment of error is sustained.
 II {¶ 10} Davis' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for resentencing consistent with our holding in this opinion.
Grady, P.J. and Fain, J., concur.