JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Dwayne Watts (appellant) appeals the court's sentencing him to one year in prison as being unconstitutional. After reviewing the facts of the case and pertinent law, we vacate appellant's sentence and remand for a new sentencing hearing.
 I. {¶ 2} On January 9, 2006, appellant was convicted of burglary in violation of R.C. 2911.12(A)(4), a fourth-degree felony, and the court sentenced him to 12 months in prison. Pursuant to R.C.2929.14(A)(4), the term of imprisonment for a fourth-degree felony shall be between six and 18 months.
 II. {¶ 3} In his sole assignment of error, appellant argues that "the trial court erred in not sentencing defendant-appellant to a minimum term of imprisonment when it did not follow the statutory requirements of R.C. 2929.14(B)." Specifically, appellant argues that he should have been sentenced to the statutory minimum of six months because the court did not make the proper findings under R.C. 2929.14(B).
 {¶ 4} Unfortunately for appellant, more than two months before he filed his appellate brief in this court, the Ohio Supreme Court found R.C. 2929.14(B) — the statute upon which appellant bases his argument — unconstitutional and mandated that courts not follow its requirements. However, fortunately for appellant, we sustain his assignment of error for the reasons listed below.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely v. Washington (2004), 542 U.S. 269. Specifically, the court held:
"Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at ¶ 82 (citing United States v. Booker
(2005), 543 U.S. 220, 224).
 {¶ 6} The Foster court severed R.C. 2929.14(B),2929.19(B)(2) and 2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 7} Although not for the reasons appellant set forth, but rather in accordance with Foster, we sustain this assignment of error and remand the case for a new sentencing hearing. We note that the court may want to keep in mind the Ohio Supreme Court's holding in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38:
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, * * * nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering the factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself."
Sentence vacated and case remanded for a new sentencing hearing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, P.J., and Joseph J. Nahra, J.*, CONCUR
(*Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.)