DECISION AND JUDGMENT ENTRY
{¶ 1} Jerome McGhee appeals the trial court's judgment entry deciding that resentencing upon remand as ordered by this Court was no longer necessary. McGhee contends the trial court erred in not resentencing him as the maximum and consecutive sentences the trial court originally imposed upon him are illegal. Because the trial court relied, in part, on an unconstitutional statute when it originally made findings and gave its reasons for imposing consecutive sentences upon McGhee, the sentences imposed upon McGhee are void and he must be resentenced. Likewise, since we vacated the original sentence in the prior appeal, there is no sentence currently in effect for the appellant to serve. The trial court's March 3, 2006 judgment entry is reversed and we remand for resentencing.
 {¶ 2} In 2004, McGhee was convicted of and sentenced to a total of 16 years imprisonment for various drug offenses, possession of criminal tools, and having a weapon while under a disability. McGhee appealed his convictions and sentences claiming, in part, that the trial court erred by failing to make the requisite statutory findings when imposing maximum and consecutive sentences upon him.
 {¶ 3} On March 30, 2005, we issued a decision affirming McGhee's convictions but vacating his sentences. See, State v. McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585. We held that although the trial court appropriately made findings and gave its reasons for imposing consecutive sentences under R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), the trial court erred in sentencing McGhee to the maximum sentences available without making any of the necessary findings under R.C.2929.14(C) and 2929.19(B)(2)(d). Id., at ¶ 49 and ¶ 50. We vacated McGhee's sentences and remanded this case to the trial court for resentencing.
 {¶ 4} After our decision in this case, the Ohio Supreme Court decidedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. In Foster, the Court found that several of Ohio's sentencing statutes, including R.C. 2929.14(C) and (E)(4), were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id., ¶ 83. In Mathis, the Court held that a trial court is required to make judicial findings only for a downward departure or a judicial release. Id., at paragraph one of the syllabus. The Court in Foster directed that a defendant who was sentenced under the unconstitutional and now void statutory provisions must be resentenced. Id., at ¶¶ 103-106. The Court held that trial courts now have full discretion to impose a prison sentence within the statutory range and they are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Mathis, at ¶ 37. The Court cautioned trial courts that in exercising discretion they must carefully consider R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. Foster, at ¶¶ 36-42; Mathis, at ¶¶ 37-38.
 {¶ 5} On March 3, 2006, the trial court decided that in light ofFoster and Mathis, it was not required to resentence McGhee. The trial court found that "a remand for resentencing is no longer necessary" because R.C. 2929.14(C), the statutory basis for the remand in this case, was declared unconstitutional by the Ohio Supreme Court inFoster, and under Foster and Mathis the trial court had full discretion to impose a prison sentence within the statutory range without making judicial findings or giving its reasons for imposing maximum or consecutive sentences.
 {¶ 6} McGhee appeals the trial court's order that dispensed with re-sentencing on remand. As his sole assignment of error, McGhee contends: THE
 TRIAL COURT ERRED BY NOT RESENTENCING THE DEFENDANT WITH THE ORDER OF THE FOURTH DISTRICT COURT OF APPEALS RULING IN CASE NO. 04-CR-16, FROM MARCH 30, 2005
 {¶ 7} In our previous decision in this case, we found that a remand for resentencing was necessary because the trial court did not make the required judicial findings under R.C. 2929.14(C) to impose the maximum sentences upon McGhee. We agree with the trial court that resentencing for the purpose of making judicial findings under R.C. 2929.14(C) was rendered unnecessary by the Ohio Supreme Court's declaration inFoster that the statute is unconstitutional and that a sentence based on the statute is void. See Foster, at paragraph one of the syllabus. Thus, to the extent the trial court declined to apply the severed portions of the sentencing statutes, it was correct. However, as we noted in our previous decision in this case, the trial court applied R.C.2929.14(E)(4) when it imposed consecutive sentences on McGhee. Even though we upheld that portion of the sentence, the Court inFoster declared R.C. 2929.14(E)(4) unconstitutional and held that sentences based on the unconstitutional statute are void. Id., at paragraph three of the syllabus. Because McGhee was sentenced in part under R.C 2929.14(E)(4), the ruling in Foster applies to this case. Therefore, as R.C. 2929.14(E)(4) is unconstitutional, McGhee's sentence is void and he must be resentenced. Foster, at ¶¶ 103-106;Mathis, at ¶¶ 37-38.
 {¶ 8} There is another reason we believe re-sentencing is necessary. Our prior judgment in this case vacated the original sentence. Notwithstanding the fact that we instructed the trial court to apply a statute that the Supreme Court subsequently found unconstitutional, there is no current sentence for the appellant to serve in light of our prior decision. In other words, after we vacated the original sentence, it was not automatically reinstated by the Supreme Court's pronouncements in Foster and Mathis. Because we did not stay our decision or reconsider it, nor did the state successfully appeal it, the order vacating appellant's sentence remains in effect. Thus, absent resentencing in compliance with the surviving sections of the statute, there is no sentence for appellant to serve.
 {¶ 9} Thus, we reverse the trial court's March 3, 2006 judgment entry and remand the case for a new sentencing hearing in accordance with the directives announced by the Ohio Supreme Court in Foster.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion.
For the Court
BY: William H. Harsha, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.