{¶ 1} Defendant-appellant, Charles Simon, appeals his sentence as being unconstitutional pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. For the reasons set forth below, we vacate appellant's sentence and remand for resentencing.
 {¶ 2} Appellant was indicted by a Cuyahoga County Grand Jury on twelve counts. Count one charged rape with force of a victim less than 13 years old. Count three charged kidnapping of a victim less than 13 years old and contained a sexual motivation specification. After negotiations with the State, appellant pled guilty to count one, amended to delete the charge of force, and count three, amended to abduction with a sexual motivation specification. He also stipulated to being labeled a sexual predator. The remaining counts were nolled.
 {¶ 3} On August 12, 2005, appellant was sentenced to the maximum ten-year sentence for rape, a felony of the first degree, and three years for abduction, a felony of the third degree. The sentences were ordered to be served consecutively for a total 13-year term.
 {¶ 4} In Foster, supra at ¶ 61, 64, and 67, the Supreme Court of Ohio held that judicial fact-finding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The Foster court, thus, severed and excised R.C.2929.14(B), 2929.14(C) and 2929.14(E)(4), governing *Page 3 
more than the minimum, maximum and consecutive sentences, respectively. Id. at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, at paragraph seven of the syllabus;State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 5} In the instant case, the trial court made findings pursuant to R.C. 2929.14(C) and 2929.14(E)(4) in sentencing appellant to a maximum, consecutive sentence. Because the trial court relied upon unconstitutional portions of the Revised Code in imposing appellant's sentence, this court must vacate the sentence and remand the matter for resentencing in accordance with Foster. See Foster, supra, at ¶ 103-106.
Assignment of error sustained; sentence vacated; remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, Jr., P. J., and Patricia A. Blackmon, J., concur. *Page 1