OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment entered by the Franklin County Court of Common Pleas placing defendant-appellee, Andrew Atkinson, on community control. Because the trial court failed to make the necessary factual findings required to impose such a sentence, we reverse that judgment and remand the matter for resentencing.
 {¶ 2} On November 29, 2004, a Franklin County Grand Jury indicted Atkinson with one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32 and *Page 2 
eight counts of forgery in violation of R.C. 2913.31. The charges arose from a cash-checking scheme Atkinson entered into with two other co-defendants. Atkinson initially entered a not guilty plea to the charges. Before trial, however, he entered a guilty plea to the one count of engaging in a pattern of corrupt activity, a felony of the second degree. The trial court accepted Atkinson's guilty plea, found him guilty, and dismissed the remaining charges. The trial court placed Atkinson on community control for a period of five years and ordered him to pay restitution.
 {¶ 3} The State appeals and assigns the following error:
 THE TRIAL COURT ACTED CONTRARY TO LAW BY IMPOSING COMMUNITY CONTROL FOR A SECOND DEGREE FELONY WITHOUT MAKING THE PROPER FINDINGS AND WHERE THE DEFENDANT DID NOT SATISFY THE REQUIREMENTS FOR A DEPARTURE FROM THE PRESUMPTIVE PRISON SENTENCE.
 {¶ 4} The trial court placed Atkinson on community control after finding him guilty of a felony of the second degree. Under R.C.2929.13(D)(2), it is presumed that a prison term is the appropriate sentence for a felony of the first or second degree. Notwithstanding that presumption, community control may be imposed if the trial court makes both of the following findings:
 (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally *Page 3 
constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
 {¶ 5} The sentencing court must make both of these findings before it may deviate from the presumption that a prison term should be imposed.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph one of the syllabus.
 {¶ 6} In this case, the trial court failed to make the findings required by R.C. 2929.13(D) to impose community control on Atkinson. Accordingly, the State's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. The matter is remanded for resentencing.
Judgment reversed and cause remanded for resentencing.
McGRATH and WHITESIDE, JJ., concur.
WHITESIDE, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1