JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Richard Schaeffer appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate his sentence and remand the case for resentencing.
 {¶ 2} In August 2005, Schaefer pled guilty to aggravated vehicular assault, a felony of the fourth degree, and failure to stop after an accident, a felony of the fifth degree. Schaeffer was sentenced to 18 months in prison on the count of aggravated vehicular assault, and 12 months in prison on the count of failure to stop after an accident. The trial court ordered that the sentences be served consecutively.
 {¶ 3} Schaefer appeals his sentence and advances four assignments of error for our review.
"I. The trial court erred by failing to consider the presumption for community control sanctions for a fourth and fifth degree felony and an analysis regarding imprisonment.
"II. The trial court erred in sentencing appellant to non-minimum, maximum, consecutive sentences by failing to make statutorily required findings and giving reasons for these findings.
"III. The trial court erred by the imposition of maximum-consecutive sentences for a first-time offender when the court did not apply the principles of 2929.11 or review the issues of proportionality and consistency and in fact openly criticized its legislatively approved options.
"IV. The trial court erred in sentencing defendant-appellant to maximum, consecutive sentences based on facts not determined by a jury or admitted by appellant, in violation of his constitutional rights."
 {¶ 4} Schaefer argues that the trial court failed to consider the presumption of community control sanctions when Schaefer was sentenced. Next, Schaefer argues that the trial court failed to make the appropriate findings under R.C. 2929.14 for maximum and consecutive sentences. Schaefer also contends that maximum and consecutive sentences are not reasonable, proportionate, or consistent. Finally, Schaefer challenges his sentence underBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared several sections of Ohio's sentencing statute unconstitutional and excised them from the statutory scheme. The state concedes that Schaefer was sentenced under the unconstitutional sections and, as a result, must be resentenced. Foster, supra, ¶ 103-106. Now, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph seven of the syllabus, and State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Consequently, we sustain Schaeffer's four assignments of error, vacate his sentence, and remand this matter to the trial court for resentencing.
Sentence vacated; cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.