OPINION
{¶ 1} Defendant-appellant, Nathaniel Kacy Thomas, appeals his conviction for trafficking in marijuana, a fifth-degree felony, and his nine-month prison term.
 {¶ 2} Appellant was convicted of trafficking in marijuana following a jury trial. The trial court determined that appellant had served a previous prison term and sentenced him to nine months in prison to be served consecutively to the sentence appellant received in another case.
 {¶ 3} On appeal, appellant presents the following two assignments of error which we will consider together:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM THAT EXCEEDED THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE PRISON TERM."
 {¶ 8} Appellant's assignments of error essentially claim that the trial court erred by imposing more than the minimum sentence for a fifth-degree felony and by imposing a consecutive sentence. Appellant maintains that the imposition of a nonminimum and consecutive sentence based upon facts neither found by a jury nor admitted by appellant infringes upon appellant's constitutional right to a trial by jury as defined by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 9} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional and severed those sections from Ohio's sentencing code. See State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Among these unconstitutional provisions was R.C. 2929.14(B), which requires certain judicial findings before the imposition of more than a minimum sentence, and R.C. 2929.14(E), which also requires certain judicial findings before consecutive sentences may be imposed. Foster at paragraphs one and three of the syllabus. As a result of the severance of these provisions from Ohio's felony sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C. 2929.14(A) is no longer required. Id. at paragraphs two and four of the syllabus. See, also, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 10} In this case, the trial court made findings under R.C.2929.14(B) and (E) in order to impose a nonminimum and consecutive prison term.
 {¶ 11} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for sentencing. SeeFoster at ¶ 104. Accordingly, appellant's assignments of error are sustained. On remand, the trial court will have full discretion to impose a sentence within the statutory range and is no longer required to make findings or give reasons for imposing consecutive or more than the minimum sentence.
 {¶ 12} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Powell, P.J., and Brogan, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.