JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Marvin Lumpkin ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby vacate appellant's sentence and remand this case to the lower court for resentencing.
 {¶ 2} According to the case, appellant was indicted by the Cuyahoga County Grand Jury on February 17, 2005, for a violation of R.C. 2903.01, aggravated murder, and a violation of R.C.2911.11, aggravated burglary. On September 19, 2005, appellant entered guilty pleas to involuntary manslaughter, R.C.2903.04(A), and burglary, R.C. 2911.12(A)(1). On October 12, 2005, appellant was sentenced to a seven-year term of incarceration by the trial court. A timely notice of appeal was filed on October 31, 2005, and this appeal follows.
 {¶ 3} According to the facts, on January 29, 2005 at approximately 12:31 a.m., officers responded to 14600 Euclid Avenue and observed a male lying on the front steps with an apparent gunshot wound to his forehead. The male victim, Vastonio Hall, died at Huron Hospital as a result of gunshot wounds to his forehead and to his chest. Defendants Sheldon Marshall and Marvin Lumpkin went to the victim's apartment to confront him about being a "snitch" or owing them some money. There was a fight involving a knife and a gun. Marshall shot the victim and then appellant and Marshall fled the scene.
 I. {¶ 4} Appellant's first assignment of error states the following: "In sentencing appellant to more than a minimum sentence, the trial court improperly relied upon the original offense of indictment."
 {¶ 5} Appellant's second assignment of error states the following: "Appellant's sentence was, in part, based upon unconstitutional judicial fact-finding."
 {¶ 6} Appellant's third assignment of error states the following: "The statutory findings made by the trial court were not clearly and convincingly supported by the record."
 {¶ 7} Appellant's fourth assignment of error states the following: "The trial court did not consider and reject a minimum sentence before imposing more than a minimum term."
 II. {¶ 8} We acknowledge that State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, found the Ohio sentencing guidelines, as they pertain to the mandatory nature of judicial findings that must be made before a maximum or a consecutive sentence can be ordered, unconstitutional.
 {¶ 9} In State v. Foster, 2006-Ohio-856, at paragraph 103-104, the Ohio Supreme Court ordered that all cases with pending appeals relating to the judicial fact-finding that used to be required under the sentencing guidelines must be remanded for resentencing according to statutes that are not unconstitutional. Specifically, the court stated, "these cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id.
 {¶ 10} The appeal in the case at bar specifically relates to the judicial fact-finding that used to be required under the sentencing guidelines and involves a sentence of more than minimum. Therefore, in accordance with the holding in Foster,
we remand this case to the lower court for resentencing.
 {¶ 11} According, appellant's second assignment of error is sustained, appellant's remaining assignments of error are moot and this case is remanded for resentencing.
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Sweeney, J., Concur.