OPINION
{¶ 1} Defendant-appellant, Robert Barnes, pled guilty to one count of rape, a first-degree felony, and one count of gross sexual imposition, a third-degree felony. The trial court sentenced appellant to concurrent prison terms of seven years on the rape charge and three years on the gross sexual imposition charge. The court also found appellant to be a sexually-oriented offender.
 {¶ 2} On appeal, appellant presents the following single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT."
 {¶ 4} Appellant claims the trial court erred by imposing more than the minimum sentence for his two felony offenses. Appellant maintains that the imposition of a nonminimum sentence based upon facts neither found by a jury nor admitted by appellant infringes upon his constitutional right to a trial by jury as defined by the United States Supreme Court in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 5} The Ohio Supreme Court recently found several portions of Ohio's statutory sentencing scheme unconstitutional and severed them from Ohio's sentencing code. See State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Among these unconstitutional sections was R.C. 2929.14(B), which requires certain judicial findings before the imposition of more than a minimum prison term. See Foster at paragraph one of the syllabus. As a result of the severance of this provision from Ohio's felony sentencing scheme, judicial fact-finding prior to the imposition of a sentence within the basic range of R.C. 2929.14(A) is no longer required. Id. at paragraph two of the syllabus. See, also, Statev. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 6} In this case, the trial court made findings under R.C.2929.14(B) to impose more than a minimum prison term for first and third-degree felony offenses.
 {¶ 7} Foster instructs that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Foster at ¶ 104. Accordingly, appellant's assignment of error is sustained. On remand, the trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing more than the minimum sentence.
 {¶ 8} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Young and Bressler, JJ., concur.