{¶ 47} I concur with the majority's treatment of the first and second assignments of error regarding Dorsey's conviction.
 {¶ 48} I respectfully dissent from the majority decision to remand the instant case for a full resentencing. I would order a limited remand to address only the amount of restitution, as the State concedes.
 {¶ 49} Contrary to the majority, I find no argument by Dorsey that the court erred in imposing more than the minimum term of incarceration. Dorsey's argument in his third assignment of error is that restitution constitutes judicial fact-finding and is, therefore, prohibited by Foster. Dorsey further maintains that all felony cases that were on direct appeal when Foster was decided must have new sentencing hearings.
 {¶ 50} I would remand for the sole purpose of determining the amount of restitution. See State v. Mathis, 109 Ohio St.3d 54,61, 2006-Ohio-855. Foster has no impact on the statute regarding restitution, R.C. 2929.18(A). I would not order a full resentencing because Dorsey has failed to argue that his five-year prison term for felonious assault involved any judicial fact-finding which was determined by Foster to be unconstitutional.