OPINION *Page 2 
{¶ 1} Defendant-appellant Jerome Richardson appeals the June 2, 2006 Judgment Entry of the Richland County Court of Common Pleas, sentencing him to twelve months in prison on one count of receiving stolen property. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On March 10, 2005, appellant entered a plea of guilty to one count of receiving stolen property, a felony of the fifth degree. On April 24, 2005, the trial court sentenced appellant to twelve months incarceration, to be served consecutive to another term for which he was incarcerated on an unrelated parole violation.
 {¶ 3} Appellant filed an appeal on May 5, 2005.
 {¶ 4} On April 11, 2006, this Court remanded the matter to the trial court for resentencing pursuant to State v. Foster 109 Ohio St.3d 1,2006-Ohio-856 and State v. Mathis 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 5} Via Judgment Entry of June 2, 2006, the trial court re-sentenced appellant to the maximum twelve month sentence, without stating it was to be served consecutively with the unrelated parole violation.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. DEFENDANT'S SENTENCE IN 2004-CR-274D SHOULD HAVE BEEN SERVE [SIC] CONCURRENTLY WITH HIS OTHER TERM OF INCARCERATION."
 I {¶ 8} In his sole assignment of error, appellant asserts the trial court erred in ordering his sentence be served consecutively with the term he was serving on an *Page 3 
unrelated parole violation. Specifically, appellant argues the trial court did not make the findings required by R.C. 2929.14(E)(4); therefore, any sentenced imposed must be served concurrently.
 {¶ 9} Upon review of the record and representations of the parties, appellant was released from the Ohio Department of Rehabilitation and Corrections on June 26, 2006. Accordingly, we find the issue raised by appellant is now moot.[1]
 {¶ 10} Based on the foregoing, appellant's appeal from the June 2, 2006 Judgment Entry of the Richland County Court of Common Pleas is dismissed.
 Gwin, P.J. and Farmer, J. concur. *Page 4 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the appeal from the judgment of the Richland County Court of Common Pleas is dismissed. Costs to appellant.
[1] This Court specifically declines appellant's request to grant him credit of twelve months served to be applied on any future felony sentence he may receive in this District. *Page 1