OPINION {¶ 1} This is an appeal by the State of Ohio from a sentence imposed in a criminal case. Appellee, Andrew Atkinson, has not filed a brief in response.
 {¶ 2} On November 29, 2004, the Franklin County Grand Jury returned a 29 count indictment against Thomas Sylvester Wilburn, Daryl T. Carter and appellee, Andrew Atkinson. Count 1 of the indictment charged Wilburn with engaging in a pattern of corrupt activity, R.C. 2923.32, a felony of the second degree. Count 2 of the indictment charged Carter with the same offense. Count 3 of the indictment charged that appellee engaged in the same pattern of corrupt activity, also a felony of the second degree.
 {¶ 3} The indictment also charged 26 counts of forgery, R.C. 2913.31. Counts 4 through 9 of the indictment accused Wilburn of various forgeries while Counts 10 through 21 of the indictment accused Carter of forgery offenses. Appellee was named in Counts 22 through 29 of the indictment on the forgery charges.
 {¶ 4} On January 5, 2006, with counsel, appellee entered a guilty plea to count three, engaging in a pattern of corrupt activity, a felony of the second degree. The guilty plea form indicates that a nolle prosequi was to be entered to Counts 22 through 29 of the indictment, the remaining forgery counts in which appellee was named as the defendant. A pre-sentence investigation was ordered.
 {¶ 5} On April 24, 2006, the trial court held a sentencing hearing. The trial court placed appellant on community control. However, the trial court failed to make either oral or written findings required by R.C. 2929.13(D) in order to overcome the presumption that a term of imprisonment was the appropriate sentence for appellee's second degree felony conviction. Additionally, the sentencing entry did not dispose of Count 29 of the indictment.
 {¶ 6} Appellant raises a single assignment of error:
 THE TRIAL COURT ACTED CONTRARY TO LAW BY IMPOSING COMMUNITY CONTROL FOR A SECOND DEGREE FELONY WITHOUT MAKING THE PROPER FINDINGS AND WHERE THE DEFENDANT DID NOT SATISFY THE REQUIREMENTS FOR A DEPARTURE FROM THE PRESUMPTIVE PRISON SENTENCE.
 {¶ 7} Under R.C. 2929.13(D), it is presumed that a prison term is the appropriate sentence for a felony of the first or second degree. Notwithstanding that presumption, community control may be imposed if the trial court makes both of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
The sentencing court must find both factors before the court may deviate from the presumption that a prison term should be imposed.
 {¶ 8} The prosecuting attorney may appeal as of right from a sentence that does not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed. R.C.2953.08(B)(1). This appeal falls within that section of the Revised Code.
 {¶ 9} Where a trial court fails to make the findings required by R.C.2929.13(D) before departing from the presumptively valid prison sentence, the remedy is reversal and remand to that court. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph two of the syllabus and at ¶ 36. Because the trial court failed to make the findings required by R.C. 2929.13(D) before a community control sanction may be imposed, we are required to reverse and remand this matter for further proceedings at which the trial court will determine whether the required findings are present and community control may be imposed.[1]
 Judgment reversed; cause remanded for further proceedings.
KLATT, P.J., and BRYANT, J., concur.
[1] As noted above, the guilty plea form signed by the defendant and accepted by the court indicates a nolle prosequi was to be entered to Counts 22 through 29 of the indictment in which appellee was charged with forgery. However, the sentencing entry only granted a nolle prosequi on Counts 22 through 28 of the indictment. The omission can be corrected on remand.