OPINION *Page 2 
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the Marion County Court of Common Pleas' decision to sentence defendant-appellee Gail Douglas to three years of community control for possessing cocaine. Douglas did not file a brief in response. Because the trial court did not make the findings under R.C. 2929.13(D) to overcome the presumption that a prison term was the appropriate sentence, we vacate Douglas's sentence and remand this case to the trial court for resentencing.
 {¶ 2} On May 19, 2006, Douglas sold .26 grams of cocaine to a confidential informant for $100. That same day, police officers executed a search warrant at Douglas's house. While executing the search warrant, the police officers discovered 2.4 grams of crack cocaine.
 {¶ 3} On October 10, 2006, Douglas pled guilty to the following: one count of trafficking cocaine in violation of R.C. 2925.03(A)(1) and (C)(4), a fifth-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4), a fourth-degree felony. As we discuss infra, the specific portion of the possession statute that applies here, R.C. 2925.11(C)(4)(b), provides that "there is a presumption of a prison term for the offense."
 {¶ 4} On November 14, 2006, the trial court held a sentencing hearing. During the hearing, the trial court sentenced Douglas to three years of community *Page 3 
control for trafficking cocaine. The trial court also sentenced Douglas to three years of community control for possessing cocaine. Thereafter, on November 21, 2006, the trial court issued a judgment entry that ordered Douglas to serve the aforementioned sentences. Notably, the trial court did not, at any time, make the findings under R.C.2929.13(D) to overcome the presumption that a prison term was the appropriate sentence for possessing 2.4 grams of crack cocaine.
 {¶ 5} The state now appeals to this court as of right under R.C.2953.08(B)(1) and (2). That portion of R.C. 2953.08 reads, in pertinent part, as follows:
 (B) In addition to any other right to appeal * * * a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who * * * pleads guilty to a felony * * * on any of the following grounds:
 (1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.
 (2) The sentence is contrary to law.
This appeal falls within the ambit of R.C. 2953.08(B). As such, the state properly appealed Douglas's sentence, and we analyze the state's sole assignment of error below. *Page 4 
 ASSIGNMENT OF ERROR The trial court erred when it sentenced the Defendant-Appellee to community control sanctions without making an [sic] findings necessary to overcome a presumption for imprisonment.
 {¶ 6} On appeal, the state argues the trial court erred when it sentenced Douglas to three years of community control for possessing 2.4 grams of crack cocaine. According to the state, the trial court erred because it did not make the findings under R.C. 2929.13(D) to overcome the presumption that a prison term was the appropriate sentence.
 {¶ 7} Douglas pled guilty to one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4), a fourth-degree felony. R.C.2925.11(A) provides that "[n]o person shall knowingly obtain possess, or use a controlled substance." The specific portion of the possession statute that applies here, R.C. 2925.11(C)(4)(b), also provides in pertinent part as follows:
 (C) Whoever violates division (A) of this section is guilty of one of the following:
 * * *
 (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows: *Page 5 
 * * *
 (b) If the amount of the drug involved * * * equals or exceeds one gram but is less than five grams of crack cocaine, possession of cocaine is a felony of the fourth degree, and there is a presumption for a prison term for the offense.
 {¶ 8} Under R.C. 2929.13(D)(1), a presumption exists that a prison term is the appropriate sentence for a felony drug offense if: the offense is a violation of a provision of Revised Code Chapter 2925.; and the offense specifies the presumption is applicable. A trial court may, however, overcome the presumptive prison term and sentence an offender to community control sanctions, or a combination of community control sanctions, under R.C. 2929.13(D)(2) if the trial court finds both of the following:
 (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (b) A community control sanction or combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.13(D)(2)(a) and (b). Notably, "[w]here a trial court fails to make the findings required by R.C. 2929.13(D) before departing from the presumptively *Page 6 
valid prison sentence, the remedy is reversal and remand to that court."State v. Atkinson, 10th Dist. No. 06AP-497, 2006-Ohio-6656, at ¶ 9, citing State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph two of the syllabus.
 {¶ 9} In this case, the trial court did not make the findings under R.C. 2929.13(D) to overcome the presumption that a prison term was the appropriate sentence for possessing 2.4 grams of crack cocaine. Accordingly, we sustain the state's sole assignment of error, and we vacate Douglas's sentence and remand this case to the trial court for resentencing.
Judgment reversed and cause remanded.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1