OPINION
{¶ 1} Defendant-appellant William Rose appeals from his sentence for Kidnapping, to which he pled guilty. He was indicted on two counts of Kidnapping, but pled guilty to one count, with the other count being dismissed. Rose was sentenced to imprisonment for seven years. The minimum term is three years.
 {¶ 2} Rose's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED BY IMPOSING A SENTENCE GREATER THAN THE MAXIMUM [sic, `minimum' is obviously intended] SENTENCE PERMITTED BY R.C. 2929.14(B) WHEN APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON SENTENCE AND A JURY DID NOT MAKE A DETERMINATION OF THE FACTORS NECESSARY TO SUPPORT AN INCREASE OF THE SENTENCE."
 {¶ 4} In imposing a more-than-minimum sentence, the trial court relied upon R.C.
 {¶ 5} 2929.14(B), having made the findings required by that statute for the imposition of a more-than-minimum sentence. That statutory requirement has been held to violate theSixth Amendment of the United States Constitution. State v. Foster,2006-Ohio-856. Pursuant to State v. Foster, Rose's sole assignment of error is sustained, his sentence is Reversed, and this cause is Remanded for re-sentencing in accordance withState v. Foster, supra.
Wolff and Valen, JJ. concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).