OPINION
{¶ 1} Appellant, William Rose, appeals a judgment of the Montgomery County Common Pleas Court sentencing him to seven years in prison. Rose asserts that his resentencing, pursuant to the mandate in State v.Foster (2006), *Page 2 109 Ohio St.3d 1, 2006-Ohio-856, was improper because the trial courtfailed to consider the portions of the sentencing code unaffected byFoster. Because the trial court is no longer required to make findings prior to imposing a felony sentence we affirm the judgment of the trial court.
 {¶ 2} On May 11, 2005, Rose entered a guilty plea to one count of kidnapping, a felony of the first degree. Thereafter, he was sentenced to seven years in prison. On direct appeal, this court vacated Rose's sentencing and remanded the case to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. SeeState v. Rose, Montgomery App. #21114, 2006-Ohio-2653. On June 22, 2006, the trial court conducted a new sentencing, at which the court again sentenced Rose to seven years incarceration.
 {¶ 3} It is from this sentence that Rose takes the instant appeal, setting forth a single assignment of error:
 {¶ 4} The trial court erred in the resentencing proceeding by not considering those portions of the sentencing code unaffected byState v. Foster.
 {¶ 5} Rose argues that because the trial court failed to *Page 3 
make any findings regarding the principles and purposes of felony sentencing and as to the seriousness and recidivism factors, that the trial court failed to consider R.C. 2929.11 and 2929.12.
 {¶ 6} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, the Supreme Court held that, after Foster, "judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, * * * [and that] judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D) or when a court grants a judicial release. See R.C. 2929.20(H)." Id, at paragraph 27.
 {¶ 7} Furthermore, while it is well accepted, upon any sentencing after Foster, that trial courts must consider R.C. sections 2929.11 and2929.12, prior to imposing sentence, the trial court's duty is only to give consideration to the criteria therein in exercising its discretion. And, in the instant case, there is no showing in the record before us that the trial court failed to fulfill that obligation. In fact, the record reflects that the trial court stated the following on the record at this resentencing: *Page 4 
 {¶ 8} "THE COURT: Mr. Rose, I gave the case full consideration previously before the original sentence was passed under former Ohio law that required findings to be made by the Court. The Court doesn't make those findings because that's no longer required, but the same considerations apply that applied then."
 {¶ 9} The sentence imposed upon Rose was within the statutory limits for a felony of the first degree, and the trial court must be presumed, in the absence of the record demonstrating otherwise, to have considered, in the sentencing process, the standards mandated in those two code sections.
 {¶ 10} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
BROGAN, J. And FAIN, J., concur.
Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1