OPINION
{¶ 1} Scott Shively was indicted for rape of an almost nine year old girl and for gross sexual imposition involving the same child. The rape count carried a life sentence specification because the child was less than ten years old at the time of the offense. In return for the State's dismissal of the life sentence specification, Shively pleaded guilty to the underlying charge of *Page 2 
rape and to gross sexual imposition. After receiving a presentence investigation report and a psychological assessment from Larry M. Pendley, Ph.D., the trial court sentenced Shively to concurrent terms of ten years (rape) and three years (G.S.I.).
 {¶ 2} Shively advances two assignments of error on appeal.
 I {¶ 3} "SHIVELY'S MAXIMUM SENTENCE FOR RAPE, R.C. 2907.02(A)(1)(B) AND HIS THREE YEAR SENTENCE FOR G.S.I., R.C. 2907.05(A)(4) WERE INCONSISTENT, IN VIOLATION OF R.C. 2929.12, AND NOT PROPORTIONATE TO THE CRIMES GIVEN DEFENDANT HAD NO CRIMINAL HISTORY."
 {¶ 4} At the outset, we note that neither the presentence investigation report nor the report of Dr. Pendley was made part of the appellate record. Through our own efforts, we have been able to obtain the presentence investigation report, but not Dr. Pendley's report.
 {¶ 5} In his first assignment, Shively faults the trial court for not specifying the seriousness and recidivism factors it considered in imposing a maximum ten year sentence on the rape charge. R.C. 2929.12.
 {¶ 6} While a trial court is required to consider the R.C. 2929.12
factors, it is not required to indicate which factors it has considered or how these factors influenced its sentencing decision. See State v.Smith, Montgomery App. No. 19419, 2003-Ohio-1854, at ¶ 11, 12. There is no basis for reversal unless the record demonstrates an abuse of discretion in what we presume — absent a discussion of the factors on the record — was the court's consideration of the factors. Id. *Page 3 
 {¶ 7} Shively points to a single "less serious" factor, R.C. 2929.12(C)(4) which he contends applies to his case: "there are substantial grounds to mitigate the offender's conduct * * *." Shively refers to his "medical condition, reflecting on the terminal nature of his diagnosed illness and whether the sentence actually imposed is tantamount to a life sentence," as the operative mitigating factor. Shively is apparently referring to Berger's Disease, which his appellate brief states is referenced in Dr. Pendley's report. At sentencing, defense counsel referred to Shively's "progressive and fatal disease," and the trial court referred to this disorder as "self reported."
 {¶ 8} Remarkably, Shively does not claim that any of the more specific "less serious" factors apply or that none of the "more serious" factors apply — see, e.g., R.C. 2929.12(B)(1), (2), (6), and the trial court could have reasonably concluded that Shively's illness, albeit unfortunate if as represented, did not mitigate Shively's criminal conduct.
 {¶ 9} Turning to the recidivism factors, Shively essentially claims that none of the "recidivism more likely" factors are present — R.C. 2929.12(D) — and that all of the "recidivism less likely" factors are present — R.C. 2929.12(E).
 {¶ 10} Assuming that the presentence investigation report accurately represents that Shively's only criminal conviction was for reckless operation in 2005, the record before us does not belie his contention that the recidivism less likely factors outnumber the more likely factors, except as to the "genuine remorse" factor. R.C. 2929.12(D)(5), (E)(5). While defense counsel and Shively both expressed Shively's remorse prior to sentencing, the prosecutor represented at sentencing that, from the outset, Shively had claimed he was drunk and didn't remember doing anything to the child. *Page 4 
 {¶ 11} Be that as it may, it is clear from the record that the trial court imposed the maximum sentence because of the seriousness of the offense. We are aware of no prohibition against a maximum sentence simply because the likelihood of recidivism is remote.
 {¶ 12} Here, Shively violated the child by performing cunnilingus and otherwise fondling the child's vagina. The child's mother had been seeing Shively, and she and her two children were spending the night at Shively's home where the offenses occurred after the child had fallen asleep. Shively's actions appear to have awakened her but, according to her mother, she remained silent because she was frightened. The child told her mother what happened on the way home from Shively's residence. The child's mother spoke at the disposition and spoke at some length about the adverse effect that Shively's conduct had on her daughter, her son, and herself. The trial court's remarks prior to imposing sentence emphasized the seriousness of the offense and the legislative intent that Shively's conduct be punished by a life sentence.
 {¶ 13} The trial court is required to consider the R.C. 2929.12
factors in imposing sentence, but is vested with discretion — consistent with that consideration — to impose any sentence authorized by the applicable statutes. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, ¶ 105; State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, ¶ 38.
 {¶ 14} Here, the State dismissed a clearly provable life sentence specification and the trial court made the G.S.I. sentence concurrent with the rape sentence. We have no reason to doubt that the trial court considered the R.C. 2929.12 factors and no basis to conclude that the sentence imposed was an abuse of discretion.
 {¶ 15} The first assignment of error is overruled. *Page 5 
 II {¶ 16} "SHIVELY REQUESTED AND THE COURT ORDERED A SEXUAL OFFENDER EVALUATION FROM TWIN VALLEY FOR INCLUSION IN THE PRESENTENCE INVESTIGATION, WHICH EVALUATION WAS NEITHER PERFORMED NOR AVAILABLE TO THE COURT AT SENTENCING."
 {¶ 17} The essence of Shively's second assignment is set out in his issue presented for review:
 {¶ 18} "The Court proceeded to sentence Shively without comment regarding the absence of a sexual offender evaluation from Twin Valley, which the Court ordered part of the presentence investigation, and instead accepted a general psychological evaluation submitted by defense counsel, thus depriving Shively of vital objective criteria, which may have mitigated sentence."
 {¶ 19} The record support for this assignment is the following exchange that occurred at the end of the plea proceeding:
 {¶ 20} "[THE COURT:] I am going to order a presentence investigation.
 {¶ 21} "MR. RION [defense counsel]: Could the Court also order an evaluation through Twin Valley?
 {¶ 22} "THE COURT: As part of the presentence investigation, I will order that there be a sexual offender evaluation at Twin Valley, which must be paid for by the Defendant.
 {¶ 23} "MR. RION: Yes, Your Honor.
 {¶ 24} "THE COURT: * * *. Part of the presentence investigation will be a sexual *Page 6 
offender evaluation at the Twin Valley Institute at Montgomery County to be paid for by the Defendant. And that report is being included in the presentence report. So the probation department should contact and set up an interview time."
 {¶ 25} Notwithstanding the above, no report from Twin Valley was before the court at sentencing and the court sentenced Shively without benefit of a Twin Valley evaluation. The presentence investigation report states that Shively had been in contact with Twin Valley, and was informed by Twin Valley that "it would take 2 to 3 appointments . . . before the sex offender assessment would be completed." The report states "it is undetermined if the assessment will be completed by the scheduled disposition date." Shively contends the trial court erred in sentencing him without the Twin Valley evaluation. We do not agree.
 {¶ 26} The trial court ordered the Twin Valley evaluation only when requested to do so by defense counsel, and the order was conditioned upon Shively's payment for the evaluation. The trial court was under no obligation to order such an evaluation and was not bound by its order that an evaluation be prepared. It was free to accept Dr. Pendley's report, apparently presented by defense counsel, in lieu of a Twin Valley evaluation which it only ordered upon request of defense counsel. Notably, defense counsel did not complain at sentencing that the Twin Valley evaluation was not before the court.
 {¶ 27} There being no Twin Valley evaluation, its possible value to Shively is entirely speculative.
 {¶ 28} The second assignment of error is overruled.
 III *Page 7 {¶ 29} The judgment will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1