[Cite as *State v. Johnson*, 2011-Ohio-1532.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 10CA0029-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRACEY JEWEL SALTER JOHNSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 09-CR-0231 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Tracy Jewel Salter Johnson, appeals from her sentence in the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} This appeal stems from an incident that occurred on May 25, 2009, during which Johnson repeatedly stabbed her uncle and attacked an EMS worker who responded to the scene. Johnson's uncle died as a result of the incident. On June 2, 2009, a grand jury indicted Johnson on one count of aggravated murder, in violation of R.C. 2903.01(A), and two counts of murder, in violation of R.C. 2903.02(A) and R.C. 2903.02(B). The State later added, by way of a bill of information, charges for aggravated burglary, in violation of R.C. 2911.11(A)(2), and assault against an EMS worker in the performance of his or her duties, in violation of R.C. 2903.13(A)(C)(3). A hearing took place on November 6, 2009, at which Johnson pleaded guilty to amended charges. Specifically, she agreed to plead guilty to involuntary manslaughter, in

violation of R.C. 2903.04(A), as well as to aggravated burglary and assault. In exchange for her plea, the State dismissed the remaining charges against Johnson.

{¶3} The matter proceeded to a sentencing hearing on November 30, 2009. The court sentenced Johnson to a total of fifteen years in prison, ordering that the prison terms on each count run consecutively. Although the court indicated at the sentencing hearing that it was "familiar with the purposes and principles of sentencing and the factors in favor of and against imprisonment and the likelihood for recidivism," its sentencing entry only explicitly referred to R.C. 2929.11.

{¶4} Johnson now appeals from her sentence and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES, IN VIOLATION OF THE SENTENCING STATUTES, AS REQUIRED UNDER STATE V. FOSTER."

{¶5} In her sole assignment of error, Johnson argues that the trial court erred when it imposed consecutive sentences upon her in violation of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Specifically, Johnson argues that the court failed to consider the mandatory factors set forth in R.C. 2929.12 before sentencing her to consecutive terms. She points to the court's failure to explicitly reference R.C. 2929.12 in its sentencing entry as evidence that the court did not consider the factors set forth therein.

{¶6} In imposing a sentence, a trial court must consider the statutory factors set forth in R.C. 2919.12. *Foster* at ¶37-42. Accord *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶38. Yet, there is no requirement that courts "make findings or give their reasons for imposing

\*\*\* consecutive \*\*\* sentences." *Foster* at paragraph seven of the syllabus. The Ohio Supreme Court has recognized that "there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, at ¶26. Moreover, this Court has held that when a trial court issues a sentence that falls within the applicable statutory range for the offense(s) at issue, "it is presumed that the court considered the relevant statutory sentencing factors. A silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12." *State v. Estright*, 9th Dist. No. 24401, 2009-Ohio-5676, at ¶60, quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, at ¶34. The burden of rebutting that presumption falls upon the defendant. *Estright* at ¶60-61.

{¶7} Johnson does not take issue with the fact that her sentence falls within the applicable statutory range. Instead, she argues that the court erred by issuing her a consecutive sentence without first considering the guidelines set forth in R.C. 2929.12. As evidence that the court did not consider R.C. 2929.12, Johnson points to the court's failure to explicitly reference that statute in its sentencing entry. Although the trial judge did not cite to R.C. 2929.12 in its journal entry, he began the sentencing hearing by indicating that he was "familiar with the purposes and principles of sentencing and the factors in favor of and against imprisonment and the likelihood of recidivism." See R.C. 2929.12(A) (instructing court to consider, among other factors, the likelihood of recidivism). The fact that the trial court did not explicitly reference R.C. 2929.12 in its sentencing entry does not mean that the court did not consider the statutory factors set forth therein. See *Mathis* at ¶38 (holding that trial court need only consider statutory factors in sentencing). Johnson's argument that the trial court erred when it imposed her sentence lacks merit. Accordingly, her sole assignment of error is overruled.

III

**{¶8}** Johnson's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and RUSSELL A. HOPKINS, Assistant Prosecuting Attorney, for Appellee.