[Cite as *State v. Dotts*, 2011-Ohio-5202.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                  :
                                               :        Appellate Case No. 2010-CA-107
            Plaintiff-Appellee                 :
                                               :        Trial Court Case No. 2010-CR-446
v.                                             :
                                               :
LAMAR P. DOTTS                                 :        (Criminal Appeal from
                                               :         Common Pleas Court)
            Defendant-Appellant                :
                                               :

· · · · · · · · · ·

O P I N I O N

Rendered on the 7th day of October, 2011.

· · · · · · · · ·

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
            Attorney for Plaintiff-Appellee

RUSS B. COPE, Atty. Reg. #0083845, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459
            Attorney for Defendant-Appellant

· · · · · · · · ·

FAIN, J.

{¶ 1}   Defendant-appellant Lamar P. Dotts appeals from his conviction and sentence, following a negotiated guilty plea, for Attempted Unlawful Sexual Conduct with a Minor.

{¶ 2}   Dotts contends that his trial counsel was ineffective in that he: (1) failed to conduct an adequate investigation or otherwise to prepare adequately for Dotts's defense; and (2) advised

Dotts to accept the plea bargain offered by the State. He also contends that the trial court abused its discretion by imposing a four-year sentence, rather than the minimum one-year sentence, for this fourth-degree felony.

{¶ 3} We conclude that the record fails to portray that Dotts's trial counsel was ineffective. There is nothing in the record to establish the extent to which trial counsel investigated the charges and possible defenses. There is nothing in the record to establish either that trial counsel advised Dotts to accept the plea bargain, or that, if he did so advise Dotts, this advice was unsound. We further conclude that the four-year sentence was not an abuse of discretion, especially in view of: (1) the fact that Dotts had been convicted of the offense of Unlawful Sexual Conduct with a Minor just under two years previously; and (2) the fact that charges were bargained down from three completed offenses (second-degree felonies) to one attempted offense (a third-degree felony). Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 4} Dotts was charged with three counts of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04, all with the same victim, during the time period from May 1, 2009 to September 22, 2009. Dotts was then twenty years old. His victim was fifteen. (She turned sixteen, placing her over the age of consent for purposes of the statute, the day after the charged time period expired: September 23, 2009.) All three counts included a specification that he had previously been convicted of Unlawful Sexual Conduct with a Minor on October 25, 2007. The specifications elevated the charged offenses from fourth-degree felonies to second-degree felonies.

{¶ 5} As a result of a plea bargain, Dotts pled guilty to one count of Attempted Unlawful

Sexual Conduct with a Minor, with a specification that he had previously been convicted of Unlawful Sexual Conduct with a Minor, and the other counts were dismissed. By virtue of R.C. 2923.02(E)(1), the offense to which Dotts pled guilty became a third-degree felony.

{¶ 6} In response to the trial court's question, the State indicated that had Dotts proceeded to trial, it would have shown that Dotts had vaginal intercourse with his victim, knowing that she was only fifteen years of age, or being reckless in that regard, and that he had previously been convicted of Unlawful Sexual conduct with a Minor on October 25, 2007.

{¶ 7} The trial court accepted Dotts's plea. At the sentencing hearing, after hearing from Dotts and his attorney, the trial court proceeded as follows:

{¶ 8} "Well, your reckless behavior and your actions resulted in this young lady having to go through counseling. Her life has been pretty much turned upside down. You took advantage of a young woman who had problems with her residence and living with her mother, someone else who came to Springfield without any friends; and you basically preyed upon her and you convinced her that her life was better with you and, in fact, I believe I wrote – or read one note in which you were talking about having a baby with her. And this after you were convicted a few years ago for having sex with a 13 year old.

{¶ 9} "Did we ever get any verification on the cost of –

{¶ 10} "MS. SCHAEFER: No, Your Honor. There's been no response from the victim.

{¶ 11} "THE COURT: All right.

{¶ 12} "It's the order of the Court today the Defendant be sentenced to 4 years in the Ohio State Penitentiary, be given credit for time served from July 9 of this year until transported to the ODRC. He's to pay the costs of this action."

{¶ 13} The trial court also explained that Dotts would be subject to five years of post-release control, found him to be a Tier II sexual offender, and explained what would be required of him as a Tier II sexual offender.

{¶ 14} From his conviction and sentence, Dotts appeals.


II

{¶ 15} As a threshold matter, we note one irregularity that has not been commented upon by either party. The transcripts of both the plea and sentencing hearings clearly reflect that Dotts pled guilty to, and was convicted of, Attempted Unlawful Sexual Conduct with a Minor, with a specification of a prior offense of Unlawful Sexual Conduct with a Minor, which would constitute a felony of the third degree. Likewise, the written guilty plea so reflects. Nevertheless, the actual judgment entry of conviction, filed on October 14, 2010, reflects that Dotts pled guilty to "Unlawful Sexual Conduct with a Minor, a violation of Revised Code Section 2907.04(A), a felony of the third degree." Nothing in the judgment entry reflects that Dotts pled guilty to a specification of a prior offense of Unlawful Sexual Conduct with a Minor. This appears to us to be an obvious clerical error, since the record otherwise consistently reflects that Dotts pled guilty to *Attempted* Unlawful Sexual Conduct with a Minor, with the prior offense specification. Furthermore, due to the relative ages of Dotts and his victim, the offense of Unlawful Sexual Conduct with a Minor, without the prior offense specification, would not be a third-degree felony; it would be a fourth-degree felony. R.C. 2907.04(B)(1). And as a fourth-degree felony, the maximum sentence would be eighteen months. R.C. 2929.14(A)(4).

{¶ 16} Because there is an obvious clerical error in the judgment entry, and because, for the

reasons hereinafter set forth, we are overruling both of Dotts's assignments of error, this cause will be remanded to the trial court for the limited purpose of modifying the judgment entry to conform to the record.

{¶ 17} There is another discrepancy in the judgment entry. It states that: "The prosecuting attorney and the defense attorney jointly recommended a prison sentence of four (4) years." The record reflects that the State did not have a specific recommendation as to sentence, although it concluded its remarks at the sentencing hearing with a request that "the Court * * * address his failure to be serious about rehabilitation, his failure to leave young girls alone in its sentence today." The defense attorney asked the court to place Dotts on community control sanctions. Nothing in the record, other than the judgment entry, reflects that this was an agreed sentence.

{¶ 18} Neither party makes note of the judgment entry's apparently unfounded reference to an agreement as to sentence, and Dotts does not assign error in this regard. Accordingly, we will ignore this discrepancy in the judgment entry.

III

{¶ 19} Dotts's First Assignment of Error is as follows:

{¶ 20} "APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 21} In his brief, Dotts contends that: "In short, the record would suggest that Appellant's trial counsel recommended that Appellant accept the plea agreement, having made little or no attempt to formulate a defense or otherwise prepare for trial." We have examined the record, and we find nothing therein to demonstrate either: (1) the extent to which trial counsel did, or did not, prepare for trial; or (2) that trial counsel recommended that Dotts accept the plea agreement.

**{¶ 22}** In a direct appeal, error must be demonstrated in the record. Specifically, the burden is on the appellant to demonstrate ineffectiveness of trial counsel from the record. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 244. As is ordinarily the case, the record in the case before us was not made up on the issue of trial counsel's effectiveness. For all we know, from this record, trial counsel may have engaged in extensive trial preparation, and trial counsel may have recommended that Dotts not accept the plea agreement.

**{¶ 23}** On the issue of the plea agreement, even if trial counsel did recommend that Dotts agree to it, we see nothing in this record to indicate that trial counsel was ineffective for having done so. Dotts was charged with three second-degree felonies. If convicted on all three charges, he could have been sentenced to up to 24 years in prison, eight years on each count. Even if we discount the likelihood that the sentences would have been imposed consecutively, he faced the possibility of an eight-year sentence. Instead, he pled guilty to one third-degree felony, and was sentenced to four years in prison.

**{¶ 24}** Dotts's First Assignment of Error is overruled.

IV

**{¶ 25}** Dott's Second Assignment of Error is as follows:

**{¶ 26}** "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO IMPOSE THE MINIMUM SENTENCE."

**{¶ 27}** After *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, "judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." *State v. Mathis*, 109 Ohio St.3d 54,

2006-Ohio-855, ¶27.   Specifically, judicial fact-finding is not required for the imposition of a more-than-minimum sentence.   Id., ¶ 26.   After *State v. Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis, ¶ 37.*

{¶ 28} Because the offense to which Dotts pled guilty, with the prior offense specification, is a third-degree felony, the trial court could, within its discretion, have imposed a one-, two-, three-, four-, or five-year sentence.   R.C. 2929.14(A)(3).   The trial court imposed a four-year sentence. As the trial court noted, Dotts took advantage of his fifteen-year-old victim, who was having some domestic problems and was therefore vulnerable to his promises that she would have a better life with him.   And he had been convicted just two years earlier of having committed a similar offense with a thirteen-year-old.

{¶ 29} The trial court could have added (but did not), that Dotts had already received the advantage of a plea agreement reducing his potential sentence significantly.

{¶ 30} We find no abuse of discretion.   Dotts's Second Assignment of Error is overruled.

V

{¶ 31} Both of Dotts's assignments of error having been overruled, and this court having, sua sponte, noticed an obvious clerical error in the judgment entry, this cause is Remanded to the trial court for the limited purpose of modifying the judgment entry to reflect that Dotts pled guilty to, and was convicted of, Attempted Unlawful Sexual Conduct with a Minor, with a specification of a prior conviction for Unlawful Sexual Conduct with a Minor, a felony of the third degree.   In all

other respects, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Andrew R. Picek
Russ B. Cope
Hon. Richard J. O'Neill