[Cite as *State v. Anderson*, 2011-Ohio-6677.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MARQUON ANDERSON

    Appellant

C.A. Nos.    10CA009887
                10CA009888

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    09CR079267
                10CR079934

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} Marquon Anderson pleaded guilty to two counts of attempted burglary. The counts arose from separate incidents. The trial court imposed the maximum prison term for both counts and ordered the terms to run consecutively. Mr. Anderson has appealed his sentence, arguing that the trial court did not comply with all of the applicable sentencing statutes and failed to properly consider the principles of felony sentencing. We affirm because the trial court complied with the applicable sentencing laws and it had discretion to impose maximum, consecutive sentences for the offenses.

## SENTENCING FACTORS

{¶2} Mr. Anderson's first assignment of error is that the trial court did not comply with all of the applicable rules and statutes when it imposed his sentence. In *State v. Kalish*, 120 Ohio

St. 3d 23, 2008-Ohio-4912, a plurality of the Ohio Supreme Court determined that, in light of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, when appellate courts review criminal sentences, they must apply a "two-step approach." *Id.* at ¶4. The first step is whether the sentence was contrary to law. *Id.* The second step is whether the court exercised proper discretion in imposing the term of imprisonment. *Id.* at ¶26. The parties agree that *Kalish* provides the correct standard of review in this case.

{¶3} Mr. Anderson has argued that the trial court did not properly consider the statutory policies that apply to felony offenses set out in Sections 2929.11 and 2929.12 of the Ohio Revised Code. In *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, at ¶38, the Ohio Supreme Court explained that, "[a]lthough after *Foster* the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender."

{¶4} Under Section 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender[.] . . . To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in [Section 2929.11(A)], commensurate with and not demeaning to

the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶5} Under Section 2929.12(A), "[u]nless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence . . . upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [Sections 2929.12(B) and (C)] relating to the seriousness of the conduct and the factors provided in [Sections 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶6} Mr. Anderson has acknowledged that there are two factors in his case that indicate recidivism is more likely: that he was charged with another theft offense while awaiting sentencing and that he did not show genuine remorse for his actions. R.C. 2929.12(D)(1), (5). He has also noted that there are two factors that indicate recidivism is less likely: that he was never adjudicated a delinquent child and that he did not have any prior convictions. R.C. 2929.12(E)(1), (2). According to him, because the recidivism factors offset each other, the trial court should not have imposed the maximum sentence for his crimes.

{¶7} At Mr. Anderson's sentencing hearing, the trial court determined "[i]n both cases . . . that a prison sanction is appropriate in order to comply with the principles and purposes of sentencing." It also determined that "the factors indicating recidivism is more likely . . . outweigh those factors indicating that recidivism is less likely, and the factors increasing seriousness outweigh those decreasing seriousness." It explained that, "[u]pon consideration of

all matters set forth by law," it was going to sentence Mr. Anderson to 12 months for one offense and 18 months for the other and order him to serve the sentences consecutively.

{¶8} The record demonstrates that the trial court considered all of the factors in Sections 2929.11 and 2929.12 before imposing Mr. Anderson's sentence. In addition, Mr. Anderson has not established that the trial court improperly weighed the recidivism factors. His first assignment of error is overruled.

MAXIMUM CONSECUTIVE SENTENCES

{¶9} Mr. Anderson's second assignment of error is that the trial court failed to comply with the principles of felony sentencing when it sentenced him to maximum, consecutive sentences. He has argued that, under Section 2929.14 of the Ohio Revised Code, the trial court was required to impose the shortest prison term unless he committed the offenses while serving a prison term or after having previously served a prison term, it found that the shortest prison term would demean the seriousness of his conduct or not adequately protect the public from future crimes, or if he committed the worst form of the offenses or posed the greatest likelihood of committing future crimes. R.C. 2929.14(B)(1) & (2) (2009); R.C. 2929.14(C) (2009).

{¶10} In *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, the Ohio Supreme Court held that Section 2929.14(B) & (C) are unconstitutional and excised them from the Ohio Revised Code. *Id*. at paragraphs one and two of the syllabus. After *Foster*, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, at paragraph three of the syllabus; *Foster*, 2006-Ohio-856, at paragraph seven of the syllabus. Accordingly, Mr.

Anderson's argument that he should have received the minimum sentence for his offenses is without merit. His second assignment of error is overruled.

CONCLUSION

{¶11} The trial court properly considered the factors under Sections 2929.11 and Section 2929.12 before sentencing Mr. Anderson, and it had discretion to impose the maximum prison term for his offenses. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES:</u>

KENNETH ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and, MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.