[Cite as *State v. Dildine*, 2018-Ohio-1771.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                        CASE NO. 8-17-40

    v.

LISLE D. DILDINE,                               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 02 0026

**Judgment Affirmed**

Date of Decision:   May 7, 2018

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *David A. Walsh* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Lisle Dildine ("Dildine"), appeals the September 28, 2017 judgment entry of the Logan County Common Pleas Court sentencing him to fifty-four months in prison. On appeal, Dildine argues that the trial court failed to follow the sentencing criteria set forth in Ohio Revised Code Chapter 2929. For the reasons set forth below, we affirm the judgment of the trial court.

{¶2} On April 11, 2017, Dildine was indicted on four criminal charges in Logan County: Count One, Theft of Drugs, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; Count Two, Aggravated Possession of Drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count Three, Aggravated Possession of Drugs, in violation of R.C. 2929.11(A), a felony of the third degree; and Count Four, Possession of Drugs, in violation of R.C. 2911.11(A), a misdemeanor of the first degree. (Doc. 4).

{¶3} At his arraignment on April 14, 2017, Dildine entered a plea of not guilty on all charges. (Doc. 10). However, on August 28, 2017, Dildine changed his pleas to two of the four charges at a change of plea hearing in the trial court. At that hearing, Dildine acknowledged executing a Petition to Enter a Guilty or No Contest Plea, which was admitted into evidence (Exhibit A), and entered pleas of guilty to Counts One and Three of the indictment. (Doc. 25). After Dildine pled,

the State moved to dismiss Counts Two and Four. The trial court accepted Dildine's guilty pleas and ordered a Pre-Sentence Investigation. (*Id*).

{¶4} A sentencing hearing was held in the trial court on September 28, 2017 wherein Dildine was sentenced to eighteen months in prison on Count One and thirty-six months in prison on Count Three. The trial court ordered the prison terms to be served consecutively, for an aggregate sentence of fifty-four months. (Doc. 27).

{¶5} Dildine timely filed a notice of appeal, raising the following assignment of error.

## ASSIGNMENT OF ERROR

**WHETHER THE TRIAL COURT ERRED BY FAILING TO PROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE 2929**

{¶6} In his sole assignment of error, Dildine argues that the trial court erred in sentencing him to maximum consecutive prison terms. Specifically, he contends that the trial court did not sufficiently indicate which factors it considered, under Chapter 2929, when handing down its sentences.

*Standard of Review*

{¶7} A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a

sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ward*, 3d Dist. Crawford No. 3-17-02, 2017-Ohio-8518.

*Analysis*

**{¶8}** " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Castle*, 2nd Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶26, quoting *State v. King*, 2nd Dist. Clark Nos. 2012-CA-25, 26, 2013-Ohio-2021, ¶ 45. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38.

**{¶9}** R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender". R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E). *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶22.

{¶10} In the case *sub judice*, Dildine was convicted of two felonies: a felony of the fourth degree and a felony of the third degree. R.C. 2929.14(A)(4) provides "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months". Furthermore, R.C. 2929.14(A)(3)(b) provides "[f]or felony of the third degree * * *, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months". Thus, the trial court's sentences (of 18 months and 36 months) were within the statutory range for felonies of the fourth and third degrees and were not contrary to law as argued by the appellant.

{¶11} Further, in its sentencing entry, the trial court stated that it had considered the "principles and purposes of sentencing under Ohio Revised Code §2929.11 and §2929.12 and §2921.331(C)(5)(a) and (b)" and "the need for deterrence, incapacitation, rehabilitation and restitution". (Doc. 27). The trial court's entry also stated that it considered the information provided to the court in the Presentence Investigation.

{¶12} Additionally, the trial court's entry contained the following findings:

**"The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section**

-5-

**2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.”**

**{¶13}** Nevertheless, Dildine argues that the trial court should have provided *more* specific reasoning as to the sentencing factors, under chapter 2929, when sentencing him. We disagree. Our review of the record reveals that the trial court explicitly considered R.C. 2929.11 in its sentencing of Dildine. Additionally, even though the trial court did not list the specific factors set forth in R.C. 2929.12 in its sentencing entry, the trial court did consider many of those factors in sentencing Dildine, including: his extensive criminal history; his failure to respond to previous attempts at community control; and the need to protect the public from Dildine's criminal behavior.

**{¶14}** Moreover, at the sentencing hearing, the trial court further stated:

**“[I]t appears defendant has been on community control for felony conviction at least five times, with a sixth case after having pled to a misdemeanor. He has had his community control revoked and served time in prison on three occasions. This offense was committed while he was under supervision of no fewer than two counties Morrow and Delaware.**

**The defendant has an ORAS score of 28, which is high risk. The PSI conclusion is that this defendant is not amenable to available community control sanctions. That's quite apparent. He's already on probation in two other counties and here we are. He's previously served prison time. This is his sixth felony conviction.”**

(Sept. 28, 2017 Tr. Pg. 8). And:

**“Deterring this defendant in the past has not worked. Rehabilitation efforts have not worked. So incapacitation to**

**protect society is probably the justification for imposing the sentence that the Court intends.**

**I believe that that is a permissible purpose. I believe that my objective in protecting the public is consistent with how I would treat like offenders committing similar offense. I believe that the sentence is proportional to the harm caused, particularly in light of the seriousness of the offense. Theft and drugs and your recidivism is quite apparent."**

(Sept. 28, 2017 Tr. Pg. 10-11).

{¶15} Thus, we find the trial court considered multiple statutory sentencing factors as set forth in R.C. 2911. As such, Dildine is unable to demonstrate that the sentences of the trial court were clearly and convincingly contrary to law.

{¶16} Therefore, because we find that the trial court considered the statutory factors and that the sentences were within the statutory range, we cannot find that the trial court erred in sentencing Dildine. Accordingly, Dildine's argument is not well-taken and his sole assignment of error is overruled.

{¶17} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Logan County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**